302 So.2d 433 (1974)
Dennis E. CRAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 74-106.
District Court of Appeal of Florida, Second District.
November 1, 1974.
Willis A. Heth, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Chief Judge.
Appellant appeals from a judgment and sentence entered on his plea of nolo contendere to a charge of felony possession of marijuana. The nolo contendere plea was entered with the reservation of the right to appeal from a denial of a motion to discharge under the speedy trial rule. We reverse.
Appellant was arrested at the scene of an accident on June 3, 1973 and charged with driving while under the influence of a prohibited drug as proscribed by § 316.028, F.S. 1972. The nature of the drug allegedly *434 influencing appellant was not known at the time of the arrest. However, during the course of the accident investigation a search of appellant's vehicle turned up suspected marijuana and other potential contraband, none of which was confirmed by laboratory tests until some time later. Accordingly, at the time of the initial arrest he was not charged with possession of any contraband.
On July 9, 1973, however, he was charged by information with misdemeanor possession of marijuana, i.e., possession of less than five grams, and was arrested on this charge on August 21. In early October 1973, a motion for discharge under the speedy trial rule was filed and argument was held on October 24. Pending decision on this motion the state filed a nolle prosequi. Thereafter, on November 27, 1973, a new information was filed charging felony marijuana possession. There is no dispute but that the marijuana involved in the latter charge was the same marijuana referred to in the prior charge and that it was the same marijuana found at the scene of the accident back in June. Appellant filed another motion to dismiss under the speedy trial rule which was denied on January 11, 1974, 206 days after the initial arrest. This appeal ensued.
At the outset we determine that the state was not precluded from filing a nolle prosequi of the misdemeanor charge, even though it may well have been that prosecution thereon was barred by the ninety-day provision of Rule 3.191(a)(1) RCrP. While the nolle prosequi will not operate to toll the times provided for in said rule,[1] nevertheless appellant ought be in no better position because a misdemeanor charge was indeed filed than he would have been had one not been filed insofar as the time within which he must be brought to trial on the felony charge is concerned; and that time is 180 days from being taken into custody "as a result of the conduct or criminal episode giving rise to the crime charged."[2]
So, the precise question before us is whether appellant should have been brought to trial within 180 days as computed from June 3, the date of the initial arrest, or from August 21, the date he was re-arrested upon the filing of the information charging misdemeanor possession. We reject as untenable the state's contention that the initial arrest for driving while under the influence of a prohibited drug was not the taking into custody for the "conduct or criminal episode" giving rise to the instant charge. On the point, the state cannot take solace in State ex rel. Lee v. Rose,[3] a case in which the accused was initially arrested at the scene of an accident for D.W.I. and, approximately a month later, the victim of the accident died. We held that the speedy trial time on the ensuing charge of manslaughter began to run from the time the defendant was taken into custody on the new charge; and this for the reason that the crime of manslaughter had not even been completed at the time of the initial arrest.
Not so here. We think this case falls squarely within the principles of Allen v. State.[4] There, Allen was arrested and charged with rape. The Grand Jury did not convene until but 26 days remained of the 180 days as computed from the date of the arrest. Nevertheless, the court held that the fact that the regular Grand Jury did not meet sooner was not an exigent circumstance which would toll the running of the rule pursuant to paragraph (f) of Rule 3.191, supra. Here, the state argues that it was unable to determine the nature of the contraband until subsequent laboratory tests confirmed it shortly before the July 9th information was filed. Such fact is no more an exigent circumstance in this case than was the failure of the Grand Jury timely to convene in Allen, supra. Moreover, considerably more time was *435 available after July 9th within which to try appellant here than was available in the 26-day hiatus in Allen, supra.
In view whereof, the judgment and sentence should be, and they are hereby, reversed; and the cause is remanded for the entry of an appropriate order to release and discharge appellant pursuant to the provisions of Rule 3.191(a)(1), RCrP.
HOBSON, J., concurs.
BOARDMAN, J., concurs specially with opinion.
BOARDMAN, Judge (concurring specially).
I reach the same result as that expressed in the majority opinion. My reason therefor is predicated upon the fact that I believe in view of the pleadings and factual circumstances presented in this case, i.e. that the felony charge was filed after the 90-day period had expired, that the appellant should be discharged under Rule 3.191(h)(2), RCrP.
NOTES
[1] See, Rule 3.191(h)(2), RCrP.
[2] Rule 3.191(a)(1), RCrP.
[3] (Fla.App.2d, 1973), 277 So.2d 66.
[4] (Fla. 1973), 275 So.2d 238.