325 So.2d 75 (1976)
STATE of Florida ex rel. Michael W. Meyer and Dale James Schultz, Relators,
v.
The Honorable Lawrence E. KEOUGH, As Circuit Judge of the Sixth Judicial Circuit of the State of Florida, Respondent.
No. 75-1482.
District Court of Appeal of Florida, Second District.
January 7, 1976.
Rehearing Denied February 5, 1976.
Gregory G. Gay, New Port Richey, for relator Schultz.
Robert M. Focht, Asst. Public Defender, New Port Richey, for relator Meyer.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for respondent.
SCHEB, Judge.
Relators seek a writ of prohibition against the respondent trial judge, contending the state is barred under the provisions of the speedy trial rule RCrP 3.191(h)(2)[1] from trying them on an information charging possession and sale of a controlled substance. We grant the writ.
The narrow question we resolve here is what constitutes a "single episode of criminal conduct" under the speedy trial rule as relates to certain drug offenses.
The relevant chronology leading to the present posture of the case starts on January 1, 1975, at about 11:30 p.m. At that time a confidential informant for the Pasco County Sheriff's Department made a controlled purchase of methylenedioxy amphetamine (MDA) at the relators' mobile home. Then, about 3:30 a.m. on the following day, pursuant to a search warrant obtained almost immediately after the 11:30 p.m. purchase, officers searched relators' *76 mobile home and discovered quantities of both MDA and marijuana, the MDA being in the same place as the drugs were kept when the controlled purchase was made by the confidential informant. As a result, relators were arrested on January 2, 1975, on charges of possession of these two controlled substances on that date.
On March 25, 1975, the state filed three informations charging relators as follows:

(1) Case No. 75-2 - possession of marijuana on January 2, 1975;
(2) Case No. 75-3 - possession of MDA on January 2, 1975; and
(3) Case No. 75-420 - possession and sale of MDA on January 1, 1975.

On June 20, 1975, Cases 75-2 and 75-3 were dismissed. Then on August 14, 1975, both relators were arrested on the charges in Case No. 75-420, relating to the offense of possession and sale of MDA on January 1, 1975.
On October 2, 1975, relators filed a motion to be discharged under RCrP 3.191(h)(2). They contended the state was barred from proceeding with the trial since 180 days had elapsed from the date of their original arrest for this particular criminal episode. Unquestionably the 180 day period specified in the rule did elapse from initial arrest of relators on January 2, 1975, until the scheduled date for their trial on the offense charged under Case No. 75-420. Likewise, no question is raised concerning the continued availability of the relators for trial. The thrust of relators' contention below and on this appeal is that the drug offenses for which they were originally arrested on January 2, 1975, resulted from the same conduct or criminal episode as gave rise to the offense for which the state is now prosecuting them.
The testimony on the motion leaves no question but that the relators' possession of the controlled substances was first discovered by the authorities as a result of the confidential informant's purchase, and that almost immediately thereafter Detective Richard L. McCoy of the Pasco County Sheriff's Department made the required affidavit and obtained the search warrant. Within approximately four hours from the time of the controlled purchase the search warrant was executed at relators' mobile home. The relators argue that while not the "same offense," the alleged sale and possession and the latter possession were all part of the same conduct or episode since all took place within the same mobile home within four hours with the same individuals involved in both instances. Further, relators point out that the factual predicate for the search warrant led to discovery of the drugs at 3:30 a.m. on January 2, 1975, in relators' refrigerator, being the identical location of the same type of drugs as the controlled purchase on January 1, 1975, at 11:30 p.m.
The state, however, sees the issue here as being whether the relators had the right to be arrested on all charges at some specific point in time. Concluding that the statute of limitations alone controls this aspect of the case, the state emphasizes our previously stated view that the objective of the speedy trial rule is merely to insure that once a person has been arrested, that he be brought to trial with reasonable promptness. See Sumbry v. State, Fla. App.2d 1975, 310 So.2d 445. The state argues it should not be precluded from prosecuting the relators for any criminal charges within the statute of limitations merely because the relators now incorrectly view their own conduct as an event which is part of one continuing sequence of activity.
The proper resolve of the problem depends upon a correct interpretation of the language in RCrP 3.191(a)(1), which states in part:
"[E]very person charged with a crime by indictment or information shall without demand be brought to trial... within 180 days if the crime charged be a felony ... The time periods established *77 by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged .. ." (Emphasis supplied)
Unfortunately, there is a paucity of authority interpreting what constitutes the "conduct or criminal episode giving rise to the crime charged."
In Bryant v. Blount, Fla.App.1st 1972, 261 So.2d 847, the defendant was initially charged with conspiring to commit bribery and later with a substantive charge of bribery. The court stated that two separate informations clearly charged a crime "`based on the same conduct or criminal episode.'" The court there distinguished between whether two crimes are the same offense for purpose of double jeopardy and for the "same criminal episode" test. It is apparent from the court's opinion that the criminal episode concept is viewed in a broader context than the concept of what constitutes the same offense for double jeopardy purposes. See also State v. Boren, Fla.App.3d 1973, 273 So.2d 415.
In Crain v. State, Fla.App.2d 1974, 302 So.2d 433, this court held the conduct of a defendant arrested for driving while under the influence of a prohibited drug, who was later charged with contemporaneous possession of marijuana, involved only one criminal episode. We said there that even though the offenses were separate, if they were grounded on the same conduct they must both be tried within the time prescribed under the speedy trial rule. Here, the basis for the search warrant for entry into the relators' mobile home at 3:30 a.m. on January 2, 1975, was within the factual context related to the charge of possession and sale arising directly from the conduct of the relators on January 1, 1975, at 11:30 p.m. The January 2, 1975 offense is closely related to the continued possession and sale of the same controlled substance at the same location by the same parties and close to the same time. When coupled with the fact that recitation of the prior sale was a significant part of Detective McCoy's affidavit for the search warrant relating to the possession charges, this constitutes the same conduct or criminal episode.
Were we to find that the possession and sale of controlled substances at 11:30 p.m. on January 1, 1975, and the possession of the same drug four hours later were, for the purpose of the speedy trial rule, two separate criminal episodes it would permit the prosecution to avoid the salutary purposes served by the speedy trial rule.
Our holding today is limited to a situation where the enforcement authorities obtain knowledge of controlled substances being possessed by individuals through a "controlled buy" and almost immediately thereafter obtain and execute a search warrant and as a result thereof seize additional unlawful drugs of the same type their confidential informant first obtained and which drugs were possessed by the same individuals in the same place. Under these circumstances we hold that the prosecution arising out of such factual situation should take place within the time requirements of the speedy trial rule with the time running from the initial taking of the accused parties into custody.
Accordingly, the writ of prohibition is granted and the respondent is hereby prohibited from taking further action toward trial of the relators.
Writ granted.
McNULTY, C.J., concurs specially with opinion.
GRIMES, J., dissents with opinion.
McNULTY, Chief Judge (concurring specially).
I concur in the conclusion of my brother Scheb, although I would be less inclined to rely so heavily on the "closeness in time" element as between the "buy" and the issuance of the search warrant. Rather, I would emphasize, the controlled buy on *78 January 1 was clearly the "conduct" and "criminal episode" which gave rise to the crime charged. It was indeed the sine qua non of the search warrant and arrest which followed so closely on.
Judge Grimes, it seems to me, fails sufficiently to distinguish between the "criminal conduct" or "episode" which precipitates the taking "into custody," regardless of the number or kinds of crimes which then and there may have been committed and which may subsequently be charged, on the one hand and the specific kinds of offenses themselves on the other. Certain conduct or a criminal episode may result in an arrest but the state should not be permitted piecemeal to file separate charges arising therefrom, assuming the alleged crimes knowingly to have been completed thereby, in a manner which would avoid the consequences of the speedy trial rule.[1] As Judge Scheb indicates, it is the initial arrest resulting from the "criminal conduct" or "episode" which starts the counting of time, not subsequent re-arrests for different crimes knowingly committed by or within such "conduct" or "episode." Prohibition properly issues herein.
GRIMES, Judge (dissenting).
Admittedly, this is a close case, and Judge Scheb has written an excellent opinion which has the effect of limiting the holding to the particular facts. Nevertheless, I am compelled to dissent.
While the search warrants were predicated in large part upon the information supplied by the confidential informant, the record clearly reflects that the relators were originally arrested for having drugs in their possession at that time. Information relating to the relators' prior conduct may have provided the means whereby the police would be in a position to make the arrest, but "the conduct or criminal episode giving rise to the crime charged" was the conduct or criminal episode of possessing the drugs on January 2, 1975. The conduct or criminal episode giving rise to the crime charged in the instant case occurred on January 1, 1975. As a matter of fact, one of the crimes alleged to have occurred on January 1 was the sale of MDA, an offense totally different in kind from the possession offenses which were allegedly committed the following day.
The fact that the MDA which was sold on January 1 came from the same supply which was seized on January 2, does not convince me that both transactions are a result of the same "conduct or criminal episode" as contemplated by the speedy trial rule. Likewise, when a person is arrested on a drug possession charge I cannot read the speedy trial rule as mandating the commencement of the speedy trial time with respect to prosecutions on previous possession charges then known by the state even though the same supply of drugs may have been involved.
Moreover, the state cannot be charged with dealing unfairly with the relators. The reason the relators were not originally arrested on the January 1 charge was that the proof of that charge depended upon the testimony of a confidential informer. The state wished to keep the identity of this informer confidential since he was continuing to make controlled drug purchases for the police authorities. Apparently, when the possession and sale charge was filed on March 25, 1975, the reasons for keeping the informer's name secret no longer existed. However, the speedy trial time does not begin to run upon the filing of an information *79 but rather, where no demand has been made, when a person is taken into custody. RCrP 3.191(a)(1). This only occurred on August 14, 1975, after the two possession charges had been dismissed.
The purpose of the speedy trial rule is to see that persons who are arrested shall be promptly brought to trial. The relators were not arrested for the crime with which they are charged in this case until August 14, 1975. In my judgment, their motion for discharge for failure to have a speedy trial which was filed less than two months later was properly denied. The fact that the relators had been arrested more than six months before for different charges occurring on a different date caused them no prejudice with respect to their right to a speedy trial on the instant charge.
In essence, the relators are arguing that, for purposes of the speedy trial rule, they had a right to be arrested on the instant charge at the time they were first arrested for possession. I know of no such right.
NOTES
[1] "The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi."
[1] The situation in State ex rel. Lee v. Rose (Fla.App.2d, 1973), 277 So.2d 66, of course, is inapposite since there the defendant, in a case of manslaughter by operating a motor vehicle while intoxicated, was immediately arrested for driving while intoxicated. The death of the victim did not occur until a considerable time thereafter. The charge of manslaughter set for trial more than 180 days from the original arrest was not barred by the speedy trial rule for the reason that the specific crime had not indeed been completed at the time of the arrest. That is clearly not the situation here.