341 So.2d 1069 (1977)
STATE of Florida ex rel. Mary Dail CANUP, Relator,
v.
The Honorable Thomas M. LANGSTON, As Judge of the Circuit Court for the Tenth Judicial Circuit, in and for Polk County, Florida, Respondent.
No. 77-19.
District Court of Appeal of Florida, Second District.
February 2, 1977.
Rehearing Denied February 24, 1977.
*1070 Jack O. Johnson, Public Defender, Bartow, and Dan P. Brawley, Asst. Public Defender, Bartow, for relator.
Allen R. Smith, Asst. State Atty., Bartow, for respondent.
GRIMES, Judge.
This case involves the question of whether a delay in obtaining laboratory reports in the testing of contraband can justify an extension of the speedy trial time.
A suggestion for writ of prohibition was filed in this court seeking to prohibit relator's pending trial below for possession of marijuana on the ground that the speedy trial time had expired. Since speedy trial violations are considered proper subjects for prohibition, a rule to show cause was issued. Turner v. Olliff, 281 So.2d 384 (Fla.1st DCA 1973).
Relator was arrested for felony possession of marijuana on June 15, 1976. An information was filed on November 18, 1976, charging her with this crime. On December 7, 1976, the state filed a motion for extension of speedy trial time. The motion was heard on December 13, 1976, and granted on that date. The trial was tentatively set for January 14, 1977. On December 20, 1976, relator filed her motion for discharge on the grounds that she had been denied a speedy trial pursuant to Fla. R.Crim.P. 3.191. The motion was denied the following week. This case turns upon the propriety of the extension since the 180-day speedy trial time would have otherwise expired on December 13, 1976.
The basis upon which the extension was sought was the delay in obtaining a report of the laboratory testing necessary to determine whether or not the substance allegedly found in the relator's possession was marijuana. Shortly after the arrest, the evidence was sent to the laboratory for analysis. On July 2, 1976, the state called the laboratory to find out the results of the test but without success. Further inquiries were made on July 27, September 15, September 22, September 28 and October 7. Each time the state was advised that the laboratory was backlogged with work and that the analysis had not yet been made. On October 11, the state was orally advised that the analysis was positive, and the written report from the laboratory, was received on October 21. The relator was arraigned on December 7. Faced with the fact that the speedy trial time would run out six days later, the state filed its motion for extension. Following a hearing, the court concluded that the extension was justified and granted the motion.
Fla.R.Crim.P. 3.191(f) provides that the court may order an extension of the speedy trial time where exceptional circumstances are shown to exist. Such circumstances are defined as those which as a matter of substantial justice to the accused or the state or both require an order by the court. Exceptional circumstances specifically include:
"... (iii) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; provided, not more than two continuances shall be granted on this ground; . .. ."
Within the limitations of the rule, the court must be accorded reasonable discretion in determining what justifies an *1071 extension of time. Here, in granting the extension the court necessarily concluded that the state had been hampered by the delay in obtaining the report of the laboratory analysis despite diligent efforts to obtain it. The record supports this conclusion.
This decision is not in conflict with our holding in Crain v. State, 302 So.2d 433 (Fla.2d DCA 1974). In that case, no motion for extension of time was filed within the 180-day speedy trial period, and the excuse of failure to obtain the laboratory report was only offered in opposition to a subsequent motion for discharge. Under these circumstances, Fla.R.Crim.P. 3.191(d)(3) mandated discharge because an extension of time had not been ordered. In addition, there was no showing of whether the state had been diligent in trying to obtain the laboratory reports. However, we hereby recede from Crain to the extent that it may imply that the failure to obtain necessary laboratory reports may never be an exceptional circumstance for an extension under the Speedy Trial Rule.
The rule to show cause is discharged, and the suggestion for writ of prohibition is denied.
BOARDMAN, C.J., and McNULTY, J., concur.