DANAHY, Judge.
The state appeals an order of the trial court granting Leola Sherman’s motion to quash an information charging her with willfully leaving the scene of an accident. The trial court granted the motion apparently because it concluded that Sherman was entitled to discharge under the speedy trial rule.[1] We reverse.
Sherman was arrested on October 29, 1979, and charged by an information in circuit court on January 5, 1980, with leaving the scene of an accident involving personal injury. The information, however, did not allege that she “willfully” left the accident scene. As a result of this omission, on February 12, 1980, Sherman contended that she was only charged with a misdemeanor[2] and was entitled to discharge because she had not been brought to trial within ninety days of her arrest. She also moved to have the case transferred to county court for the entry of the discharge order. The trial court initially granted the motion to transfer without prejudice to the state’s refiling the information. On the same day, the state entered a nolle prosequi to the misdemeanor and filed an information charging Sherman with the felony of “willfully” leaving the scene of the accident. On March 11, 1980, the court granted Sherman’s motion to quash the second information.
Our previous decision in Crain v. State, 302 So.2d 433 (Fla. 2d DCA 1974), presented a factual situation analogous to the one at bar. In that case, Crain was charged by an information with possession of less than five grams of marijuana, a misdemeanor. After more than ninety days had elapsed from the time of his arrest, Crain moved for discharge under the speedy trial rule. The *1023 court heard argument on the motion, but before a decision was rendered, the state entered a nolle prosequi to the charge and filed a second information charging Crain with felony possession of marijuana. More than 180 days after his arrest, Crain again moved for discharge and the trial court denied the motion.
On appeal, this court first noted that the felony charge was not precluded merely because the time to bring Crain to trial on the misdemeanor charge had expired. In reaching this decision the majority reasoned as follows:
While the nolle prosequi will not operate to toll the times provided for in [Florida Rule of Criminal Procedure 3.191(a)(1)], nevertheless appellant ought to be in no better position because a misdemeanor charge was indeed filed than he would have been had one not been filed insofar as the time within which he must be brought to trial on the felony charge is concerned .... [3]
Of course, since Crain was not brought to trial within 180 days of his arrest, this court ultimately held that he was entitled to discharge from the felony charge.
Sherman contends that Crain’s relevant language is dicta and, therefore, not controlling in the instant case. Moreover, she maintains that the above quoted statement in Crain is incorrect because in its majority opinion this court failed to consider Florida Rule of Criminal Procedure 3.191(h)(2).[4] While we tend to agree that Crain is not controlling, the court in its majority opinion in that case clearly did consider Rule 3.191(h)(2) [5] and we believe correctly stated the law applicable to this case.
Accordingly, the order granting Sherman’s motion to quash the second information is reversed and the case is remanded for further proceedings consistent with this opinion.
SCHEB, C. J., and HOBSON, J., concur.

. Fla.R.Crim.P. 3.191.

. Shortly after the trial court entered the order appealed from in this case, the Florida Supreme Court declared that only a felony is created by section 316.027 with or without the word “willfully.” Stanfill v. State, 384 So.2d 141 (Fla.1980).

. The court clearly understood and considered Rule 3.191(h)(2) as evidenced by its footnote. See Crain v. State, 302 So.2d 433, 434 n.1 (Fla. 2d DCA 1974).

. 3.191(h)(2) Nolle Prosequi; Effect, Florida Rules of Criminal Procedure provides as follows:
The intent and effect of this Rule shall not be avoided by the State by entering a nolle pros-equi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.

. See note 3 supra.