407 So.2d 257 (1981)
STATE of Florida, Appellant,
v.
Joseph Francis KELLY, Appellee.
No. 80-1302.
District Court of Appeal of Florida, Second District.
December 2, 1981.
As Modified December 18, 1981.
*258 Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellant.
Tom Grogan, Naples, for appellee.
DANAHY, Judge.
This case presents the difficult question of what constitutes a "criminal episode" as that phrase is used in our speedy trial rule. The state appeals from an order of the trial court which granted the appellee's motion for discharge for the state's failure to bring him to trial within 180 days. We agree with the trial court and affirm the order.
During the execution of a search warrant at the residence of Robert Zhender, Detective Caperton discovered several rings and two pistols. One of the pistols was a .45 caliber model and the other was a .38 caliber weapon. Zhender explained that he had purchased the .45 caliber pistol and the .38 caliber pistol from the appellee for $90.00 and that the appellee had told him that the guns were stolen.
Detective Caperton arrested the appellee on June 15, 1979, for allegedly trafficking in jewelry and the .38 caliber pistol. Additionally, Caperton told appellee he was going to arrest him for trafficking in the .45 caliber pistol. At the hearing on the motion for discharge, the detective explained that the appellee was not arrested on June 15, 1979, for trafficking in the .45 caliber pistol because, while the owner of the gun had filed a uniform crime report notifying police of its theft one year earlier, he had never filed a sworn complaint which, under police procedure, was necessary prior to an arrest being made.
In February of 1980 a sworn complaint was finally filed by the owner of the .45 caliber pistol, and the appellee was arrested for trafficking in that item. Later the state entered a nolle prosequi to all of the charges pending against the appellee.
The state again charged the appellee with trafficking in the.45 caliber pistol on March 4, 1980. The appellee moved for discharge under the speedy trial rule. The trial judge granted the motion after he concluded that this charge arose out of the same criminal episode as the charge for which the appellee had been arrested on June 15, 1979.
Florida Rule of Criminal Procedure 3.191(a)(1) provides that a defendant must be brought to trial within 180 days of being taken into custody for a felony. As defined in subsection (a)(4) of the rule, a person is taken into custody at the time he or she is *259 arrested for the conduct or criminal episode that gives rise to the crime charged.[1]
In the case at bar, the state contends that the trafficking in the .45 caliber pistol did not arise out of the same conduct or criminal episode as the trafficking in the .38 caliber pistol. Therefore, the state maintains that the speedy trial time did not commence on the charge relating to the .45 caliber pistol until the appellee was arrested in February, 1980. The appellee argued, and the trial judge correctly ruled, that trafficking in the two pistols constituted one criminal episode and thus the 180-day period began on June 15, 1979.
The definition of a criminal episode for speedy trial purposes involves a broader concept than the determination of what constitutes the same offense for double jeopardy purposes. Bryant v. Blount, 261 So.2d 847 (Fla. 1st DCA 1972); State ex rel. Meyer v. Keough, 325 So.2d 75 (Fla. 2d DCA 1976). We have previously held that for speedy trial purposes, even though the same conduct gives rise to separate offenses, both must be tried within the speedy trial time. Crain v. State, 302 So.2d 433 (Fla. 2d DCA 1974). Recently, the third district held that a criminal episode requires more than a relationship between separate offenses; rather, as we had noted in Crain, the court explained that a criminal episode requires that the same conduct or episode give rise to different consequences. State v. Stanley, 399 So.2d 371 (Fla. 3d DCA 1981).
In the case at bar, the conduct which gave rise to the arrest for trafficking in the .38 caliber pistol and the charge for trafficking in the .45 caliber pistol were the same  the single sale of those two items to Zhender. Therefore, the 180-day time period commenced on June 15, 1979, when the appellee was arrested for trafficking in the .38 caliber pistol, and the time period expired before the appellee moved for discharge.
We note that the state also contends that the speedy trial time did not begin on June 15 because the standard procedure of the police department was not to file charges until a sworn complaint had been received. This contention misses the point. The Florida speedy trial rule requires that the state bring a defendant to trial within a specified period. Neither a police department nor the state attorney's office may circumvent this requirement by means of its charging or prosecuting procedures.
Finally, we note that the trial judge apparently relied heavily on our prior decision in Keough. We agree that there is dicta in that case which supports the trial judge's ruling. However, we take this opportunity to again reiterate that the holding in Keough was expressly limited to the particular facts in that case, and nothing we have said in the case before us should be considered as extending Keough.
In summary, we hold that trafficking in the .38 caliber pistol and in the .45 caliber pistol constituted a single criminal episode and that the time for speedy trial commenced on the day the appellee was arrested for trafficking in the .38 caliber pistol. Accordingly, we affirm the trial judge's order discharging the appellee.
SCHEB, C.J., and GRIMES, J., concur.
NOTES
[1] Of course, the state may not circumvent the speedy trial rule by entering a nolle prosequi to a crime and filing a new charge based on the same conduct or criminal episode. Fla.R. Crim.P. 3.191(h)(2).