427 So.2d 1077 (1983)
STATE of Florida, Appellant,
v.
Frank James HOESLEY, Appellee.
No. 82-1605.
District Court of Appeal of Florida, Second District.
March 11, 1983.
*1078 Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellant.
Gilbert J. Rooth, Seminole, for appellee.
CAMPBELL, Judge.
The state appeals from an order discharging appellee, Frank James Hoesley, from a charge of possession of cocaine for failure to bring him to trial within the time provided by the speedy trial rule, Florida Rule of Criminal Procedure 3.191. We reverse.
While driving alone at 10:15 p.m. on September 24, 1981, at Belleair Road and U.S. 19 in Pinellas County, appellee was stopped and arrested by a deputy sheriff for DUI (alcohol). He was transported to jail, and his car was impounded. After appellee was arrested and in jail, an inventory search incident to impoundment of his car revealed a white powdery substance in a shaving kit in the trunk of the car. The substance was sent to a chemical laboratory for testing where it was received on September 28, 1981. The Pinellas County Sheriff's Office received the report from the testing laboratory on January 28, 1982, indicating that the substance was cocaine. On March 2, 1982, an information was filed charging appellee with possession of cocaine, and a capias was issued. On April 2, 1982, appellee pled not guilty and on May 15, 1982, filed a motion for discharge for failure to comply with rule 3.191. The trial court entered its order discharging appellee on June 18, 1982, and this appeal followed.
Appellee principally relies on State v. Kelly, 407 So.2d 257 (Fla. 2d DCA 1981), and Crain v. State, 302 So.2d 433 (Fla. 2d DCA 1974), to support the trial court's order of discharge. Each of those cases is factually distinguishable from the case at bar. In State v. Kelly, a trial court's order of discharge for the offense of trafficking in a stolen .45 caliber pistol was affirmed. There, a search warrant executed on the residence of a third party had revealed jewelry, a .38 caliber pistol, and the.45 caliber pistol which the third party explained had been purchased from Kelly who had said that the guns were stolen. Kelly was originally charged with trafficking in the jewelry and the .38 caliber pistol. Because the owner of the .45 caliber pistol had not filed a sworn complaint of its theft, Kelly was not charged with the offense until more than 180 days after his initial arrest. Since the trafficking in the .45 caliber weapon was obviously a part of the same "criminal episode" that led to Kelly's initial arrest, this court affirmed the discharge. In Crain, the appellant had been arrested at the scene of an accident for the offense of driving under the influence of a prohibited drug. During the accident investigation, a search of Crain's vehicle produced suspected marijuana and other potential contraband. More than 180 days after the accident and Crain's arrest for driving under the influence of a prohibited drug, he was charged with felony possession of marijuana which was the same marijuana found at the scene of the accident. Again, the charge of possession of marijuana was sufficiently related to the initial arrest and search to cause this court to affirm the trial court's order of discharge.
In the case at bar, there is no relation between the original arrest for DUI (alcohol) and the subsequent charge for possession of cocaine, except that the cocaine was discovered during an inventory search of appellee's car after his initial arrest and confinement in jail. When a defendant, seeking discharge pursuant to rule 3.191, argues that the subsequent criminal charges arose out of an earlier criminal episode, he must show a nexus between that subsequent charge and the conduct which led to the initial arrest. In showing that nexus, the defendant must show more than the mere fact that the evidence leading to the subsequent charge was first discovered as a result of the original arrest and charge for the initial offense.
We also do not concur with appellee's argument that the state had some duty to file possession of cocaine charges against him prior to the time the state had sufficient *1079 facts to support a probable cause determination to file such a charge.
REVERSED and REMANDED.
HOBSON, A.C.J., and SCHEB, J., concur.