PER CURIAM.
Appellant, Harrison Jones, seeks review of the denial of his motion for discharge pursuant to Florida Rule of Criminal Procedure 3.191, regarding a charge of possession of cocaine filed on August 4, 1983.
.On February 11, 1983, appellant’s house was searched pursuant to a search warrant for controlled substances. Appellant was arrested at the scene for possession of marijuana which was found during the search. He was charged with that offense on March 18, 1983, to which he subsequently pled nolo contendere. Another substance was seized which, by later tests, proved to be cocaine. He was arrested on that offense on August 8, 1983, after being charged by information on August 3, 1983, upon receipt by the state of lab reports verifying that the substance was cocaine.
Appellant concedes that the arresting officers had no probable cause to arrest him for the possession of the cocaine on February 11, 1983, because at the time the substance was seized, they did not have knowledge that it was cocaine. However, appellant argues that because appellant was arrested for the marijuana, which was seized at the same time as the substance which *606 later proved to be cocaine, prosecution should be barred because he was not brought to trial within 180 days of February 11, 1983.
Appellant relies on Crain v. State, 302 So.2d 433 (Fla. 2d DCA 1974), to argue that even though he was not arrested for cocaine at the time, he still should have been brought to trial on that charge within 180 days of his arrest for the marijuana charge. Appellant grounds his argument on the fact that both charges arose because of items seized during the same search. We affirm on the authority of State v. Lynch, 445 So.2d 687 (Fla. 2d DCA 1984). The 180-day speedy trial period does not begin to run until appellant was arrested or taken into custody for the offense for which he is sought to be tried. Merely because there was probable cause to arrest on one possessory offense does not require application of the speedy trial rule for all possessory offenses which may have coincided in time, but for which probable cause to arrest did not exist. In State v. Hoesley, 427 So.2d 1077 (Fla. 2d DCA 1983), we have previously distinguished Crain and State v. Kelly, 407 So.2d 257 (Fla. 2d DCA 1981).
Appellant also relies on State ex rel. Canup v. Langston, 341 So.2d 1069 (Fla. 2d DCA 1977), to argue that the state had an obligation to expedite the lab reports so as to bring him to trial within 180 days of his first arrest. Langston deals with the duty of the state to expedite reports after a defendant has been arrested and charged and is inapplicable where no probable cause to arrest existed.
Affirmed.
BOARDMAN, A.C.J., and GRIMES and CAMPBELL, JJ., concur.