PER CURIAM.
The state appeals an order of the circuit court dismissing charges of petit theft and resisting arrest without violence. We affirm in. part and reverse in part.
Appellee Ona McDonald was arrested for these charges December 4, 1987. Both offenses originally were prosecuted as misdemeanors, allowing the state 90 days to bring the case to fruition. Fla.R.Crim.P. 3.191(a)(1). Through no fault of McDonald the speedy trial period elapsed without resolution of the charges. McDonald moved for discharge, whereupon the state entered a “no bill,” withdrawing prosecution on the misdemeanor. Seventeen days later, on March 25, 1988, the state filed an information in circuit court charging McDonald *1353 with felony petit theft[1] and resisting arrest without violence. Again McDonald moved for discharge, and the circuit court granted the motion.
As a general principle, once a defendant has been discharged by operation of the speedy trial rule, subsequent prosecution is barred both for the crime charged and any others arising from the same criminal episode. Fla.R.Crim.P. 3.191(h)(1). The state cannot avoid the intent and effect of this rule, and engineer its own extension of speedy trial time limits, by dropping one set of charges and later refiling different charges arising from the same criminal episode. Fla.R.Crim.P. 3.191(h)(2). Fyman v. State, 450 So.2d 1250 (Fla. 2d DCA 1984); State v. Rheinsmith, 362 So.2d 698 (Fla. 2d DCA 1978). In the present case, revitalization of the misdemeanor resisting arrest charge is foreclosed notwithstanding the fact the state’s election to file its so called “no bill” precluded the county court from entering a formal order of discharge. See State v. Johnson, 479 So.2d 279 (Fla. 2d DCA 1985).
We reach a different conclusion, however, with respect to the theft charge. We believe the present situation is governed by State v. Sherman, 403 So.2d 1022 (Fla. 2d DCA 1981), and Crain v. State, 302 So.2d 433 (Fla. 2d DCA 1974). In both those cases the defendants originally were charged with misdemeanors, Sherman with leaving the scene of an accident and Crain with possession of marijuana. Both cases resulted in a nolle prosequi at some point after the expiration of the 90-day misdemeanor speedy trial period, followed by the filing of more serious charges in circuit court. In determining that neither defendant was entitled to discharge, this court reasoned that the thwarted misdemeanor prosecutions should not act to place the defendants in any better position than had those charges never been filed.[2]
Similarly, in State v. Johnson the defendant originally was arrested for two felony offenses involving the use of a firearm. The state later elected to file a “notice of no bill” on one of the two felonies and instead filed misdemeanor charges in county court. However, the second felony charge remained active and eventually was formally brought in circuit court along with the same two misdemeanors that had been filed in county court. The misdemeanor speedy trial time expired, whereupon Johnson successfully moved for discharge in county court. Then, citing rule 3.191(h)(2), he attacked the felony-misdemeanor information in circuit court, again successfully. Finding that no artifice had been employed by the state to circumvent the speedy trial time limits applicable to the remaining felony, this court reversed.
The record before us contains no suggestion that the enhanced theft charge against McDonald was brought in bad faith or was merely a subterfuge designed solely to invoke the jurisdiction of the higher court in order to seek a conviction only for the lesser included misdemeanor offense. So long as the facts of the case properly warranted the felony charge, the original deci *1354 sion to file only misdemeanors was irrelevant to McDonald’s speedy trial status. Accordingly, that portion of the circuit court’s order discharging McDonald from the felony offense is reversed and the matter is remanded to the lower tribunal for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
RYDER, A.C.J., and FRANK and ALTENBERND, JJ., concur.

. The enhanced charge was based upon several prior convictions for petit theft not described in the original charging instrument. See § 812.014(d), Fla.Stat. (1987).

. The appellee in Sherman contended that the relevant language in Crain was dicta, particularly since Crain’s discharge was warranted under the then-applicable 180-day felony speedy trial time limit. Nevertheless, we found the majority’s conclusion in Crain to be correct notwithstanding the language of rule 3.191(h)(2), even though we agreed that Crain was “not controlling.” 403 So.2d at 1023. A technical distinction can be drawn between the two cases in that Sherman’s charges originally were brought in circuit court, but were transferred to county court due to an alleged defect in the charging instrument; that transfer was without prejudice to the state to refile an information properly charging a felony offense. Furthermore, while the appeal was pending in Sherman a decision was issued by the supreme court which would have negated the trial court’s finding that the information had not charged a felony. Thus, the actions of the prosecutor in Sherman unquestionably involved no attempt to circumvent speedy trial and, in fact, had been correct ab initio.