PER CURIAM.
The state appeals the order discharging Leta Floyd for failure to bring her to trial on possession of cocaine and paraphernalia charges within the 175-day speedy trial time period of Florida Rule of Criminal Procedure 3.191(a) (speedy trial without demand). We hold that the trial court improperly applied rule 3.191(a) to the facts of this case and reverse.
On January 30, 1992, Floyd was arrested for soliciting for prostitution and notified to appear on February 17, 1992. The case was apparently heard and resolved in county court.
In August 1992, a lab reported that the pipe found during the search incident to Floyd’s arrest for the prostitution charge contained cocaine. On September 10, 1992, Floyd was charged by information with possession of cocaine and possession of paraphernalia. A capias was issued, but Floyd was not served and taken into custody until February 18, 1993. She was released on her own recognizance after signing a notice requiring her to appear for arraignment on March 22, 1993. Floyd failed to appear and was arrested on April 1, 1993, after which she was held in custody and her arraignment was set for April 19.
On April 16, 1993, a pretrial hearing was held on two defense motions. At that hearing, defense counsel announced that he was filing a notice of expiration of speedy trial time. On May 10, 1993, counsel filed a motion for discharge alleging that if the prostitution and possession offenses were connected, the speedy trial time had expired because Floyd was arrested on January 30, 1992. The motion erroneously alleged in the alternative that even if the offenses were not connected, since Floyd was charged with the possession offenses on September 10, 1992, the speedy trial time had expired on March 5, 1993.
At the hearing on Floyd’s motion, the state moved to strike the notice of expiration because it was filed prior to the actual expiration of the speedy trial time period. The state also argued that since Floyd failed to appear for her arraignment, she was unavailable for trial and not entitled to be discharged. The trial court entered an order granting the motion on the grounds that the state failed to bring Floyd to trial within the time specified in rule 3.191(a) and that none of the exceptions to that rule applied.
Rule 3.191(a) provides that a person charged with a felony must be brought to trial within 175 days of being taken into custody. “[A] person is taken into custody (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) when the person is served with a notice to appear in lieu of physical arrest.” Fla.R.Crim.P. 3.191(d).
The issue presented by the facts of this case is whether the subsequent possession charges against Floyd arose out of the same episode that gave rise to the prostitution charge.
When a defendant, seeking discharge pursuant to rule 3.191, argues that the subsequent criminal charges arose out of an earlier criminal episode, he must show a nexus between that subsequent charge and the conduct which led to the initial arrest. In showing that nexus, the defendant must show more than the mere fact that the evidence leading to the subsequent charge was first discovered as a result of the original arrest and charge for the initial offense.
State v. Hoesley, 427 So.2d 1077, 1078 (Fla. 2d DCA 1983).
Hoesley was arrested for a DUI and his car was impounded. Approximately six *130 months later, Hoesley was charged with possession of cocaine after the white powdery substance found during the inventory search of his car was tested by a chemical laboratory. This court held that there was “no relation between the original arrest for DUI (alcohol) and the subsequent charge for possession of cocaine, except that the cocaine was discovered during an inventory search of appellee’s car after his initial arrest and confinement in jail.” Id. at 1078 (emphasis in original).
The facts of this case are analogous to those of Hoesley as the cocaine pipe was merely discovered during the search incident to Floyd’s arrest. Thus, Floyd is unable to show a nexus between the possession charges and the conduct that led to her arrest on the prostitution charge.
Because Floyd was taken into custody on the possession charges on February 18,1993, the speedy trial time period did not run until August 13,1993. Consequently, the notice of expiration of speedy trial filed on May 10, 1993, was invalid and should have been struck pursuant to the state’s motion. Fla. R.Crim.P. 3.191(h).
Even if the notice had been valid, Floyd was not entitled to be discharged because she was unavailable for trial during the speedy trial time period as she failed to appear for arraignment on March 22, 1993. Fla.R.Cr.P. 3.191(k); Bouchacra v. Leffler, 413 So.2d 791 (Fla. 5th DCA 1982).
Accordingly, we reverse the order discharging Floyd and remand for further proceedings.
CAMPBELL, A.C.J., and THREADGILL and LAZZARA, JJ., concur.