640 So.2d 220 (1994)
Donnie WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03272.
District Court of Appeal of Florida, Second District.
August 5, 1994.
James Marion Moorman, Public Defender, and Karen Kinney, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Donnie Willis appeals his sentences for robbery and possession of cocaine. We affirm the convictions and the sentence for the possession of cocaine charge but remand for correction of the sentence for the robbery offense to conform to the oral pronouncement.
Mr. Willis was arrested for robbery after two police officers observed him grab a woman's purse and attempt to drag the woman away. After arresting Mr. Willis, the officers searched him and found a pipe in his shirt pocket which was determined to contain cocaine.
Mr. Willis was charged by information with, among other crimes, robbery and possession of cocaine. Following a jury trial on all offenses, the jury found Mr. Willis guilty of robbery and possession of cocaine. The trial judge orally sentenced Mr. Willis as a habitual violent offender to consecutive ten-year prison terms for each offense and imposed consecutive minimum mandatory sentence pursuant to section 775.084(4)(b), Florida Statutes (1991) for each offense. The written sentencing order, however, incorrectly indicates a thirty-year sentence for the robbery offense.
Mr. Willis argues that these two crimes arose from the same criminal episode and, therefore, the trial court could not impose consecutive minimum mandatory sentences pursuant to the habitual violent offender statute.[1] Mr. Willis relies on Daniels v. State, 595 So.2d 952 (Fla. 1992), in arguing that it is error to impose consecutive minimum mandatory sentences for first-degree felonies under the habitual violent felony offender statute where the crimes occurred in a single criminal episode.
In addressing the concept of "single criminal episode," the First District, in Parker v. State, 633 So.2d 72, 75 (Fla. 1st DCA 1994), recently stated:
The task of determining when a criminal episode can be denominated "single" or "separate" for purposes of consecutive *221 minimum mandatory sentencing is not an easy one. There is no "bright line" rule to which we can refer. As the above cases demonstrate, there have been attempts to loosely categorize criminal episodes by focusing on the nature of the offenses, the time sequence in which they were committed, and the place they were committed, see, e.g., Murray[[2]] and State v. Boatwright, 559 So.2d 210 (Fla. 1990), as well as by focusing on whether there was a single victim or multiple victims, e.g., Woods.[[3]] Palmer[[4]] indicates that when making this determination, whether separate sentences may be imposed for separate offenses occurring in the same criminal transaction or episode under subsection 775.021(4) is neither controlling nor relevant. Thus, when we stated in Woods that the imposition of consecutive minimum mandatory sentences is justified "where two separate and distinct criminal offenses have occurred," 615 So.2d at 198, it would be misleading to overlook the remainder of that discussion where we defined "separate offenses" in terms of separate victims, separate locations, and temporal breaks between the incidents, not in terms of separate statutory elements. Id. Obviously, in determining whether a series of criminal events constitutes a single criminal episode or separate criminal episodes, the focus must be directed to the facts of each individual case.
In applying these principles to this case, we conclude that the two crimes Mr. Willis committed were not part of a single criminal episode. The possession offense was not related to the conduct of the robbery offense for which Mr. Willis was arrested. The pipe containing cocaine was merely discovered incident to the arrest for robbery. Our conclusion that these two offenses are unrelated is consistent with this court's reasoning in State v. Floyd, 639 So.2d 128 (Fla. 2d DCA 1994). In Floyd, this court addressed the issue of whether, for speedy trial purposes, the subsequent possession charge against Floyd arose out of the same episode that gave rise to the prostitution charge. Floyd was arrested for soliciting for prostitution. She was searched incident to the arrest and a pipe containing cocaine was discovered in her possession. Floyd was not charged with the possession offense until several months after the arrest for soliciting for prostitution. Floyd argued that the two offenses were connected and that the speedy trial time began to run when she was arrested for prostitution. This court, relying on State v. Hoesley, 427 So.2d 1077 (Fla. 2d DCA 1983), concluded that the mere discovery of the cocaine pipe during the search incident to Floyd's arrest was insufficient to show a connection between the two offenses.
The facts leading to the charge for possession in this case are analogous to the facts in the possession offense in Floyd. Based on the facts of this case, we conclude that absent other factors discussed in Parker, the mere discovery of a pipe containing cocaine, incident to the search for arrest for the robbery offense, is insufficient to establish that the crimes were part of a single criminal episode. Therefore, the trial court did not err in imposing consecutive minimum mandatory sentences.
Mr. Willis correctly argues, and the state concedes, that the written sentence for the robbery, which erroneously indicated a sentence of thirty years, must be corrected to conform to the sentence of ten years orally pronounced by the trial court at sentencing. See Jacobs v. State, 533 So.2d 911 (Fla. 2d DCA 1988). We reverse the written sentencing order for the robbery offense and remand to the trial court for correction of that sentence to conform to the oral pronouncement.
We affirm the convictions and the sentence for possession of cocaine and remand for correction of the sentence for robbery.
DANAHY, A.C.J., and PARKER and ALTENBERND, JJ., concur.
NOTES
[1] Although Mr. Willis does not raise this argument, we note that if these offenses arose from the same criminal episode, which we conclude they did not, Hale v. State, 630 So.2d 521 (Fla. 1993), would preclude the imposition of consecutive sentences.
[2] Murray v. State, 491 So.2d 1120 (Fla. 1986).
[3] Woods v. State, 615 So.2d 197 (Fla. 1st DCA 1993).
[4] Palmer v. State, 438 So.2d 1 (Fla. 1983).