755 So.2d 800 (2000)
Jennifer Ann SHEARIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3076.
District Court of Appeal of Florida, Second District.
April 14, 2000.
Thomas E. Cunningham, Jr., of Thomas E. Cunningham, Jr., P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Jennifer Ann Shearin appeals a judgment and sentence on two counts of possession of a controlled substance. She pleaded nolo contendere, reserving the right to appeal the denial of her motion to dismiss for violation of the right to speedy trial. She was sentenced to two concurrent two-year terms of drug offender probation. We affirm the judgment and sentence, concluding that Reed v. State, 649 So.2d 227 (Fla.1995), does not overrule our decision in State v. Hoesley, 427 So.2d 1077 (Fla. 2d DCA 1983).
Ms. Shearin was apparently serving a term of probation when she was arrested on May 24, 1997, for prostitution and resisting arrest without violence. During a search incident to her arrest, the police discovered several peach-colored pills in the change pouch of her wallet. The police could not identify the pills and sent them to an FDLE laboratory for analysis. In the interim, Ms. Shearin apparently pleaded guilty to the misdemeanor charges and to a violation of her earlier probation *801 on June 9, 1997.[1] She received terms of probation for these offenses at a sentencing hearing on July 15, 1997.
The FDLE laboratory eventually determined that the pills were dextropropoxyphene and alprazolam, which are schedule IV controlled substances. See § 893.03(4)(a, o), Fla. Stat. (1997). As a result, the police issued a criminal report affidavit for these two drug charges on December 11, 1997. A circuit court judge signed an arrest warrant, and Ms. Shearin was arrested a few days later. The State actually filed the information charging the two drug offenses on March 2, 1998.
Ms. Shearin moved to dismiss the charges and requested discharge for violation of her right to speedy trial. She maintained that the period for speedy trial began when she was arrested for prostitution in May 1997. Thus, she claimed that the time for trial expired before the State filed the information. She relied primarily upon the supreme court's decision in Reed.
In Reed, the defendant was arrested for armed robbery and several traffic offenses on January 4, 1991. The charges arose out of a convenience store robbery and a subsequent flight in an automobile. For whatever reason, the State did not immediately file charges against the defendant for the armed robbery, but filed charges of leaving the scene of an accident involving personal injury. Then the State dropped these charges. On September 6, 1991, 245 days after the defendant's arrest, the State filed an information charging numerous felonies arising out of the convenience store robbery. In Reed, the supreme court held that the defendant was taken into "custody" for purposes of Florida Rule of Criminal Procedure 3.191(a) for all of the charged offenses when he was arrested in January because that was when he was "arrested as a result of the conduct or criminal episode that gave rise to the crime charged." Reed, 649 So.2d at 229 (citing Fla. R.Crim. P. 3.191(d)). The supreme court treated both the robbery and the traffic offenses as contained within the same criminal conduct giving rise to the arrest in January. It is significant that the opinion reflects that the defendant in Reed was arrested for both the armed robbery and the traffic offenses in January.[2]
In contrast, Ms. Shearin was not arrested for the drug charges in May 1997. Indeed, although the officers had sufficient reason to confiscate the unidentified pills at the time of Ms. Shearin's arrest, they did not have a basis to arrest her on drug charges until the pills were identified as controlled substances by FDLE.
We conclude that this case is controlled by State v. Hoesley, 427 So.2d 1077 (Fla. 2d DCA 1983). In Hoesley, the defendant was stopped for DUI. Incident to the arrest, the police found an unknown, white, powdery substance in the defendant's shaving kit. In 1983, the police had no ready means to identify this substance and sent it to a laboratory. Several months later, the substance was determined to be cocaine. This court held that the period for speedy trial did not commence with the traffic arrest. This court explained:
When a defendant, seeking discharge pursuant to rule 3.191, argues that the subsequent criminal charges arose out of an earlier criminal episode, he must show a nexus between that subsequent charge and the conduct which led to the initial arrest. In showing that nexus, the defendant must show more than the mere fact that the evidence leading to *802 the subsequent charge was first discovered as a result of the original arrest and charge for the initial offense.
Hoesley, 427 So.2d at 1078. See also Jones v. State, 450 So.2d 605 (Fla. 2d DCA 1984); State v. Lynch, 445 So.2d 687 (Fla. 2d DCA 1984). Likewise in this case, the necessary nexus between the prostitution arrest and the subsequent drug charges does not exist.
Affirmed.
CAMPBELL, A.C.J., and GREEN, J., Concur.
NOTES
[1] Although we do not have the county court proceedings in our record, this information was presented to the trial court by defense counsel.
[2] We recognize that Justice Wells' dissent in Reed discusses a kidnapping charge for which Reed was not initially arrested. The majority opinion does not address this particular offense. Reading the case as a whole, however, it appears that the kidnapping occurred during the course of the armed robbery. See Reed v. State, 649 So.2d 227, 230 (Fla.1995) (Wells, J., dissenting).