139 So.2d 423 (1962)
Robert F. SCHNEIDER, Petitioner,
v.
GUSTAFSON INDUSTRIES, INC., Bituminous Casualty Corporation and Florida Industrial Commission, Respondents.
No. 31391.
Supreme Court of Florida.
March 28, 1962.
*424 Robert S. Lyons, Fort Lauderdale, for petitioner.
Charles Desmond Crowley, Fort Lauderdale, Burnis T. Coleman and Patrick H. Mears, Tallahassee, for respondents.
DREW, Justice.
Petitioner seeks a review of an order of the Industrial Commission quashing an application for review of an order of a deputy commissioner for failure to file the transcript within forty-five days after filing of the application,[1] which at claimant's *425 option had been filed with the deputy for transmittal. Receipt by the Commission on August 3, 1961, was verified by letter of its counsel to the parties. The court reporter, without notice to appellant, petitioner in this Court, relied on an erroneous computation of time by the deputy's secretary upon telephone inquiry, and the completion and filing of the transcript was delayed four days beyond the proper period without formal request for extension.
There is little doubt that these facts, under the principles applied in the past to appellate proceedings generally in this jurisdiction, would have warranted the exercise of judicial discretion to deny quashal of an appeal on motion for good cause shown.[2] Nor is this result precluded by the use of imperative terminology in the rule of the Commission requiring that an appellant "shall have * * * the transcript * * * filed * * * within forty-five days * * *," unless the time is extended upon verified petition prior to the expiration of that period. Mandatory language has in a number of cases been construed as directory,[3] dependent upon the history and subject matter of the particular provision, and as a general rule statutes setting the time when a thing is to be done are regarded as merely directory, where no provision restraining the doing of it after that time is included and the act in question is not one upon which court jurisdiction depends.[4]
A finer issue arises, however, from the clause of the statute here in question providing in further imperative language that "the Commission shall dismiss" upon failure of an appellant to file a transcript "within the time specified or within such time as allowed by the commission pursuant to petition for an extension of time as aforesaid."[5] This language, construed as any penal provision must be in a strict or literal sense, does not in our opinion amount to an express prohibition against the exercise of discretion in such dismissal or against the application of a rule of substantial as opposed to strict compliance.[6]
The action of the full Commission in dismissing this application for review under the circumstances revealed by the undisputed facts in the record and related here could be justified only by assuming that the Commission was under the impression that the requirements of its rules and the provisions of the pertinent statute deprive it of discretion in the matter and required the action taken. Having concluded that neither the rule nor the statute is imperative in its requirements and that under no circumstances could it be said that the order of the full Commission was the reasonable exercise of its discretion, such order *426 is hereby quashed and the cause remanded to the Commission with directions to reinstate said petition for review and dispose of the cause on the merits.
ROBERTS, C.J., and THORNAL, O'CONNELL and CALDWELL, JJ., concur.
NOTES
[1] FIC Rule 6(a) provides: "The appellant shall have * * * the transcript * * * filed * * * within forty-five days * * * unless * * * [the time is extended] for good cause shown * * prior to the expiration of said period * * *" (Emphasis supplied.) F.S. Sec. 440.25(4) (b), F.S.A., governing review of compensation orders, provides: the "transcript must be filed * * * within forty-five days" unless the time is extended "for good cause shown by verified petition presented prior to the expiration of said period * * *. Upon failure of the appellant to file a transcript * * * within the time specified or within such time as allowed by the commission pursuant to petition for an extension of time as aforesaid, the commission shall dismiss * * *." (Emphasis supplied.)
[2] Sec. 59.27, F.S.A., and implementing rules. Decisions under current F.A.R. 3.6, 31 F.S.A. are not conclusive on the point of strict compliance with its time provisions. See Ward v. Fountain, Fla. App., 122 So.2d 209, relied upon by the Commission in this case; Graham v. Thornton, Fla.App. 1958, 104 So.2d 95; Nitsos v. Carlisle, Fla.App. 1958, 104 So.2d 144; Axtell v. Lyons, Fla.App. 1958, 105 So.2d 610.
[3] Fagan v. Robbins (1928), 96 Fla. 91, 117 So. 863; Reid v. Southern Dev. Co. (1906), 52 Fla. 595, 42 So. 206.
[4] 30 Fla.Jur. 98, Statutes Sec. 6, citing Pensacola, City of v. Bell, 22 Fla. 469; Stieff v. Hartwell, 35 Fla. 606, 17 So. 899. Cf. State ex rel. Diamond Berk Ins. Agency v. Carroll (Fla. 1958), 102 So.2d 129; Seaboard Air Line R. Co. v. Holt (Fla. 1955), 80 So.2d 354.
[5] Note 1, supra.
[6] Whether legislative enactments governing processes judicial in character could be other than directory, or require more than substantial performance after acquisition of jurisdiction, would be at least a debatable proposition in the face of such decisions as Simmons v. State (1948), 160 Fla. 626, 36 So.2d 207; Fraser v. Willey (1848), 2 Fla. 116.