PEARSON, Judge.
The state appeals an order dismissing an information filed against the appellee. The dismissal followed upon the trial court’s own motion at the court’s discovery that the Justice of the Peace had been late in filing the bind-over papers with the Clerk of the Criminal Court of Record in and for Dade County, Florida. The time schedule is as follows:
On June 11, 1970, the Justice of the Peace ordered the defendant bound over to the Criminal Court of Record on a charge of manslaughter.
The Justice of the Peace bind-over papers were filed with the Clerk of the Criminal Court of Record on June 22, 1970.
On August 3, 1970, the prosecution filed an information in the Criminal Court of Record charging the defendant with second degree murder.
On April 14, 1971, the trial court ex mero motu entered an order dismissing the information.
The trial court in his order stated:
“Subsection (m) of the Rule relates to the transmission of papers by the Magistrate. Paragraph 1 of the Rule reads as follows:
‘(1) When the Magistrate has discharged the defendant, or has held him to answer, he shall transmit within seven days thereafter to the Clerk of the Court having trial jurisdiction of the offense:’
(Emphasis supplied)
“Thereafter are listed the papers that are to be transmitted after the Magistrate has conducted the preliminary hearing. In the instant case it affirmatively appears from an examination of the file that the Justice of the Peace conducted a preliminary hearing on June 11, 1970. It also affirmatively appears that it was not until June 22, 1970 that the papers were transmitted to the Clerk of the Criminal Court as provided by the Rule. The Clerk of the Criminal Court docketed the papers as being received from the Magistrate on June 22, 1970, some four (4) days past the seven (7) day limit provided for in the rule.”
*277 It affirmatively appears that the trial court has misapprehended the legal effect of the rule cited. The rule in full is as follows:
“Rule 1.122 Preliminary Hearing
sji * * % * *
(m) Transmission of Papers by Magistrate.
(1) When the magistrate has discharged the defendant, or has held him to answer, he shall transmit within 7 days thereafter to the clerk of the court having trial jurisdiction of the offense:
(a) The complaint and warrant;
(b) The written testimony of the witnesses if transcribed and filed;
(c) The recognizance or undertaking for the appearance of witnesses;
(d) A copy of the order discharging or holding the defendant;
(e) Every article, writing, money, or other exhibit received in evidence; provided, however, that such articles, writings, moneys, or other exhibits so used in evidence before said magistrate may be returned to the owner thereof upon written order of the judge of the court having jurisdiction to try the defendant.
(2) Any magistrate who refuses or fails to transmit the papers and articles so mentioned, may be ordered to do so by the court having trial jurisdiction of the offense charged and if he disobeys such orders may be held for contempt.”
In the case at bar, there is no showing or finding by the trial court that the defendant had been in any way prejudiced by the delay in transmitting the bind-over papers. What we have simply is a nondeliberate violation of a rule involving a procedural matter. The peace justice’s error did not result in a miscarriage of justice and, therefore, the information should not have been set aside. Section 59.041, Florida Statutes, F.S.A.
We hold that the period set by rule 1.122(m) CrPR, 33 F.S.A. for the transmittal of the bind-over papers is not jurisdictional nor is it a statute of limitation, therefore the trial court erred in the dismissal of the information filed on August 3, 1970. Compare State v. Fattorusso, Fla.App.1969, 228 So.2d 630.
Reversed and remanded with directions to the court to proceed under the Florida Rules of Criminal Procedure and the information and other pleadings which were filed in this cause prior to April 14, 1971.
In view of the nature of this case, the petition for rehearing, if filed, shall be filed within three days of the date of the filing of this judgment.
Reversed and remanded.