LILES, Judge.
This is a petition by the State of Florida for writ of certiorari from an order en *561 tered by the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsbor-ough County. The order of the circuit court affirmed the magistrate court in the dismissal of six defendants charged with driving while intoxicated.
The defendants were arrested in the City of Plant City for violation of City Code No. 186 F.S., which violation was also a violation of Fla.Stat. Ch. 317, F.S.A. The defendants petitioned the City court under Fla.Stat. 932.61, F.S.A. to have their cases transferred to a court where they could receive a trial by jury. The cases were ultimately transferred to the magistrate court. Petitioners then filed their motion to dismiss the informations because the cases were not transferred within the three-day statutory limits set out in Fla.Stat. 932.61, F.S.A. The magistrate subsequently dismissed the informations pursuant to the above-cited statute and the county solicitor appealed this decision to the circuit court.
The circuit court in its order affirmed the magistrate’s dismissal of the informa-tions regarding six of the defendants. The State now appeals the circuit court’s decision and assigns as error the affirmance of the magistrate’s act.
Florida Statute § 932.61, F.S.A. prescribes the method whereby a person, charged in a court that does not provide trial by jury, may seek transfer of his cause to a court having jurisdiction to try the cause by jury. The pertinent parts of the statute are as follows :
“932.61 Transfer of county or municipal charge to court providing trial by jury.
A person charged in a court with a violation of a county or municipal ordinance for which no jury trial is provided may, when the violation of a county or municipal ordinance is also a violation of a state law, cause the transfer of the violation to the appropriate court in which a trial by jury is provided, * * *
“(4) The clerk of the court not providing trial by jury, upon receipt of the judge’s order directing transfer, shall within three (3) days transmit to the clerk of the court providing criminal jury trial jurisdiction all the record materials, * * * ”
We agree with Circuit Judge Jas. D. Bruton, Jr., and affirm the action of the magistrate. We, as did Judge Bruton, take no position as to what the county solicitor or any other proper official may do in the future, but only hold as did the circuit court that the statute under which the magistrate acted provides for the orderly transmittal of a cause for a trial by jury and the limitations are set forth in the statute for that purpose. These provisions were not followed in this case and this was a violation of the clear meaning of the statute. The circuit court so held and we affirm its decision.
Certiorari denied.
PIERCE, C. J., and HOBSON, J., concur.