ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Second District (State v. Cook, 254 So.2d 560), which allegedly conflicts with a prior decision of this Court (Schneider v. Gustafson Industries, Inc., 139 So.2d 423), and a prior decision of the District Court of Appeal, Third District (State v. Joseph, 253 So.2d 275), on the same point of law. Fla.Const., art. V, § 4, F.S.A.
The statute under consideration, Fla.Stat. § 932.61, F.S.A., describes the method by which charges may be filed in the State court when a person charged with violation of a municipal ordinance seeks a trial by jury. Schneider v. Gustafson Industries, Inc., supra, says a statute prescribing the time for the filing of a transcript in workmen compensation cases is directory. A statute prescribing the time for filing workmen compensation claims would not be so construed. State v. Joseph, supra, deals with the procedures for transmitting papers by a magistrate upon finding probable cause. The time periods prescribed in Fla.Stat. §§ 932.61-932.65, F.S.A., relate to the filing of charges in the State court. All of these statutes relating to a transfer of a municipal charge to a court providing trial by jury should be construed together and read in pari ma-teria. The time for taking each step in the transfer procedure is mandatory and jurisdictional, as the time for taking one step is, in each instance, dependent upon the time a previous step was taken. There is no conflict.
We do, however, approve the opinion of the District Court of Appeal, Second District, in the case sub judice and point out the following language:
“We, as did Judge Bruton, take no position as to what the county solicitor or *418 any other proper official may do in the future, but only hold as did the circuit court that the statute under which the magistrate acted provides for the orderly transmittal of a cause for a trial by jury and the limitations, are set forth in the statute for that purpose.” (State v. Cook, 254 So.2d 560, 561)
Jeopardy has not attached, so the dismissals of the cases will not bar the proper authorities from filing in the State court an independent information based on the same facts which gave rise to the municipal violation in the first instance. See State v. Ressler, 257 So.2d 620 (Fla.App.4th, 1971).
The writ of certiorari previously issued is discharged.
It is so ordered.
ERVIN, CARLTON and BOYD, JJ., concur.
ROBERTS, C. J., agrees with judgment.