MORROW, RUSSELL O., Associate Judge.
This is an appeal from a final judgment entered in the Circuit Court of Broward County, which judgment quashed a rule nisi in prohibition previously entered by said court. Said judgment recites that the relator, Ozzie Joseph Negron, was charged in the Municipal Court of Fort Lauderdale with driving while intoxicated and resisting arrest without violence; that on or about 21 September 1970 the relator filed a demand for a jury trial and a motion to transfer from the Municipal Court to the Court of Record of Broward County, Florida, under provisions of F.S. Section 932.-61, F.S.A. A copy of an information in the record shows that it was filed on October 5, 1970 in the Court of Record of Bro-ward County, Florida, and charged relator in count one with driving while intoxicated and count two with resisting arrest without violence. Said judgment further recites that on October 21, 1970 the Clerk of said Court of Record gave notice to relator, his attorney and his bondsman that the case was set for jury trial on January 22, 1971; and on January 20, 1971, that relator filed a motion to strike the case from the trial docket and set for arraignment and that said motion was granted and the case set for arraignment on January 25, 1971; further on January 25th, the relator stood mute and a plea of not guilty was entered by the judge. Further, the case was set for trial on May 4, 1971 at which time the relator failed to appear and the case was rescheduled for trial on July 9, 1971, and further on July 7, 1971 relator filed objections to trial and motion for discharge on the grounds that said Court of Record was without jurisdiction in that the relator had not been arraigned within 45 days from the date of transfer as stated in Section 932.62, F.S., this motion was denied on the date of trial and trial commenced, further that the trial was not completed because the trial judge was served with a rule nisi in prohibition issued by the Circuit Court on July 9, 1971. On the return date set in said rule nisi the respondent moved to quash the rule and the relator moved that the same be made absolute.
*583 The question here to be determined is whether the time element of 45 days in Section 932.62, F.S. is jurisdictional.
Said section provides:
“If a person whose case is transferred is at liberty on bond or on his own recognizance, his appearance date for arraignment to the court to which the cause has been transferred shall be within forty-five days from the date of transfer. . .”
The judgment appealed sets forth the following:
. , this Court is of the opinion that the Court of Record did not lose jurisdiction by failure .to arraign within 45 days from the date of transfer, since such requirement is directory rather than mandatory. Arraignment under Florida practice is not a critical stage of the proceeding. Jurisdiction of the cause in the Court of Record is invoked by the filing of the information — not by arraignment of the defendant.”
“Jurisdictional time limitations in criminal cases generally involve limitation of the time in which the prosecution may be commenced (Statutes of Limitation) or limitations of the time in which the trial must be commenced (speedy trial requirements based on the constitution, statutes, or court rules). The purpose of arraignment is to establish the identity of the accused, and to obtain his plea. An early arraignment does not necessarily result in a speedy trial; since the trial may commence immediately after the arraignment or be scheduled long afterward in the discretion of the Judge presiding over the arriagnment [sic]. Neither the failure to arraign nor an irregularity in the arraignment shall affect the validity of the proceeding if the defendant proceeds to trial without objection to such failure or irregularity. Rule 1.-160(b) Cr.PR. [33 F.S.A.].
“The provision in § 932.62, F.S.A. that the appearance date for arraignment to the court to which the case is transferred ‘shall be within 45 days from the transfer’ is not followed by any prohibition of arraignment after 45 days nor any provision for dismissal for failure to arraign within such time. The general rule of statutory construction of provisions concerning the time a thing is to be done where no provision prohibiting the doing of it later is included is that such provisions are merely directory. 30 Fla.Jur., Statutes, § 6, p. 98. Such construction of § 932.61 F.S.A. is fortified by examination in the following section of the same legislative act (932.-63 F.S.A.) requiring the prosecuting attorney to file charges within 30 days after receipt of the petition and providing that if he fails to take action within 30 days the cause shall be dismissed by the clerk. It seems reasonable to conclude that if it was the legislative intent that failure to arraign within 45 days would require dismissal of the action a similar provision for dismissal for failure to arraign within such time would have been included in § 732.62 [932.62] F.S.A.”
The circuit court judge followed the law as set forth in Schneider v. Gustafson Industries, Inc., Fla.1962, 139 So.2d 423; also in State v. Joseph, Fla.App.1971, 253 So.2d 275.
Appellant contends that the case of State v. Cook, Fla.1972, 264 So.2d 417, reverses the law set forth in the two cases above cited.
The Schneider case holds that a Rule of the Industrial Commission requiring that an appellant “shall have . . . the transcript . . . filed . . . within forty-five days . . after filing an application for review of a deputy commissioner’s order, is not imperative and the mandatory language is construed as directory.
In the State v. Joseph case a Rule of Court provides “When the magistrate has discharged the defendant, or has held him to answer, he shall transmit within 7 days *584 thereafter to the clerk of the court having trial jurisdiction of the offense”, the bind-over papers involved. The Justice of the Peace was four days late in transmitting the papers to the Clerk of the Criminal Court of Record. The court held as follows :
“We hold that the period set by rule 1.122(m) CrPR, 33 F.S.A. for the transmittal of the bind-over papers is not jurisdictional nor is it a statute of limitation, therefore the trial court erred in the dismissal of the information filed on August 3, 1970.”
It appears that State v. Cook, Fla.1972, 264 So.2d 417, did not hold contrary to the above cases.
In comparing said cases with State v. Cook, Fla.App., 254 So.2d 560, the court stated: “There is no conflict.”, also “that the statute . . . provides for the orderly transmittal of a cause for a trial by jury and the limitations are set forth in the statute for that purpose”, also that “Jeopardy, has not attached, . . .”. The Writ of Certiorari was discharged.
The Cook case referring to F.S.A. §§ 932.61 — 932.65 states:
“With respect to the transfer of a municipal charge to a court providing trial by jury, the time for taking each step in the transfer procedure is mandatory and jurisdictional, as the time for taking one step is, in each instance, dependent upon the time a previous step was taken.”
On this statement the appellant relies. This language is not found in State v. Cook, Fla.App. 1971, 254 So.2d 560.
The Writ being discharged and no conflict being found the law of Schneider v. Gustafson and State v. Joseph is still in effect. The language relied on by the appellant is obiter dictum. The language in Schneider is explanatory in reconciling the three cases in question, to-wit:
“Mandatory language has in a number of cases been construed as directory, dependent upon the history and subject matter of the particular provision, and as a general rule statutes setting the time when a thing is to be done are regarded as merely directory, where no provision restraining the doing of it after that time is included and the act in question is not one upon which court jurisdiction depends.”
The judgment appealed is affirmed.
OWEN and MAGER, JJ., concur.