432 So.2d 797 (1983)
Lonnie Edell CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-925.
District Court of Appeal of Florida, Second District.
June 15, 1983.
Jerry Hill, Public Defender, and Karla J. Staker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Lonnie Edell Carter, has appealed from an order denying his motion for discharge for failure to comply with the speedy trial rule. We reverse.
*798 On May 16, 1981, the appellant was involved in a head-on collision as he attempted to pass another vehicle. The driver of the on-coming vehicle was killed instantly. The appellant was taken from the scene of the accident to the hospital and while there was given traffic citations for improper passing and driving while his license was suspended or revoked. Following his release from the hospital, he was sent a summons to appear in court on June 22, 1981. On that day, he appeared in court and pled guilty to the charges.
On October 26, 1981, the appellant was charged with causing a death by the operation of a motor vehicle while intoxicated in violation of section 816.01, Florida Statutes (1981).
On the day of trial, March 1, 1982, the appellant filed a motion for discharge for failure to comply with the speedy trial rule. Fla.R.Crim.P. 3.191(a)(1). The motion was denied, and the appellant was subsequently found guilty by a jury. He was sentenced to ten years imprisonment and this appeal followed.
Since the appellant was hospitalized after the accident, the date he was taken into custody for the offenses of improper passing and driving while license was suspended or revoked is unclear. However, for the purpose of rule 3.191, it is clear he was in custody by June 22, 1981, the date he pled guilty to the criminal offense of driving while his license was suspended or revoked.[1]
The appellant contends that the speedy trial rule in the instant case began to run on or before June 22, 1981. We agree and hold that the appellant was taken into custody for the offense of causing a death by an intoxicated driver at the time he was originally taken into custody for driving while his license was suspended or revoked because both offenses resulted from the same conduct or criminal episode.
Rule 3.191(a)(4) provides that a person is taken into custody when he is arrested as a result of the conduct or criminal episode which gave rise to the crime charged.
In the instant case, the criminal episode in question was the accident. At the conclusion of the events surrounding the accident, all elements of both criminal offenses which the appellant was accused of committing were present. The appellant's conduct, i.e., driving the automobile, was the sole conduct which resulted in both criminal charges placed against him. The conduct was not only related but was the same conduct. Robinson v. Lasher, 368 So.2d 83 (Fla. 4th DCA 1979). Therefore, the time in which the state was allowed to prosecute began to run when the appellant pled guilty to the crime of driving while his license was suspended or revoked on June 22, 1981.
The state's reliance on Walker v. State, 390 So.2d 411 (Fla. 4th DCA 1980), is misplaced. In the Walker case, the defendant was involved in a vehicular accident and as a result was charged with vehicular homicide, leaving the scene of an accident, and driving while his license was revoked. In that case, the accident, as in the case sub judice, was one criminal episode. When the defendant left the scene of the accident, it was an independent criminal episode that had no effect on the conduct or criminal charge of vehicular homicide or driving while license was suspended or revoked. In the case sub judice, both offenses arose from the same conduct and the same criminal episode.
Since the state failed to charge the appellant with the crime of causing a death by the operation of a motor vehicle while intoxicated and bring him to trial within 180 days of June 22, 1981, the court erred in denying the appellant's motion to dismiss pursuant to rule 3.191(a)(1). We accordingly reverse and remand with instructions to discharge the defendant on this charge.
CAMPBELL, A.C.J., and LEHAN, J., concur.
NOTES
[1] When the appellant appeared in court to answer to the charge of improper passing, he was not placed in custody for purposes of this rule. The issuance of a citation for a noncriminal traffic infraction does not constitute a taking into custody sufficient to commence the running of the speedy trial rule. Gagel v. Cornelius, 380 So.2d 1333 (Fla. 5th DCA 1980).