ON MOTION FOR REHEARING
ZEHMER, Judge.
Appellant, Robert Irby, moves for rehearing on two grounds.
First, Irby contends that we have misconceived or misunderstood the thrust of his argument, namely:
... while the two batteries may be factually separate episodes, they were, nevertheless, part of the same ‘criminal episode or conduct’ as contemplated by rule 3.191(a)(4), Florida Rules of Criminal Procedure. Carter v. State, 432 So.2d 797 (Fla. 2d DCA 1983); Deiches v. State [Kanly ], 375 So.2d 584 (Fla. 5th DCA 1979); State v. Kelly, 407 So.2d 257 (Fla. 2d DCA 1981). The entire thrust of Irby’s brief on this point was that distinct crimes could nevertheless be so connected in terms of victim, location, and time as to be part of the same ‘criminal episode or conduct’ for speedy trial purposes. Irby’s positions at trial and on appeal, in short, are not inconsistent.
We do not agree with Irby’s characterization of the argument made on his motion for acquittal at the first trial. At that time, counsel for Irby argued not only that the two batteries were factually separate occurrences, but also that the two batteries were not legally part of the same continuing transaction.[1] The trial court accepted Irby’s theory and acquitted him, but advised the state that it could file another *1137 information on the first battery by Irby. In effect, Irby is asking that the two batteries be treated as separate and distinct occurrences which were not part of a single continuing transaction for the purpose of making charges against Irby, but that the two batteries be treated as part of the same “criminal episode or conduct” for purposes of applying the speedy trial rule. We decline to fashion such a nebulous distinction for the reasons stated in our original opinion.
The cases cited by Irby in the quoted statement are not inconsistent with our original decision. Although each ease involved two or more separate offenses for purposes of the speedy trial rule, all elements of the several offenses in each case arose out of a single continuous transaction or course of conduct which occurred at the same place and at the same time. See, Carter v. State, supra (driving of car at alleged time and place gave rise to the separate offenses of causing a death by an intoxicated driver and driving with a suspended license); Deiches v. State, supra (attempting to pass a forged prescription held one criminal episode giving rise to the separate offenses of attempting to acquire possession of a controlled substance and loitering and prowling); State v. Kelley, supra (attempted sale of a .38-caliber pistol and a .45-caliber pistol held a single criminal episode giving rise to the separate offenses of trafficking in the .38-caliber pistol and trafficking in the .45-caliber pistol). Unlike those cases, Irby successfully insisted in the first trial that the two batteries were separate, distinct incidents, not part of. a single transaction or episode, which were not covered in the same charge or information. That being so, the trial court did not err at the second trial in treating the elements of each offense as arising out of separate transactions rather than a single continuous criminal episode.
Alternatively, appellant argues that we must have overlooked the fact that one of the cases cited in our original opinion, State v. Gragg, 409 So.2d 1129 (Fla. 4th DCA 1982), was quashed by the Supreme Court in Gragg v. State, 429 So.2d 1204 (Fla.1983), and that, under the Supreme Court’s decision, even if Irby’s positions at the first and second trials are inconsistent, nevertheless he cannot legally be estopped from arguing such inconsistent positions. Unfortunately, the subsequent history of the Supreme Court’s decision was inadvertently omitted from the citation to State v. Gragg in our original opinion; but the Supreme Court’s decision is not inconsistent with the proposition stated in our opinion, for which the district court’s opinion in Gragg, along with the seven others, were cited. The Supreme Court held in Gragg that a defendant is not estopped from asserting collateral estoppel as a defense after having voluntarily sought and been granted a severance of the charge of possession of a firearm by a convicted felon from other charges of aggravated assault and battery by use of a firearm, reasoning that the district court of appeal’s decision to the contrary required the accused to waive his constitutional right against double jeopardy in order to assert his constitutional right to a fair trial. Here, Irby is not put to the choice of waiving one constitutional right in order to assert the other because Irby does not dispute the state’s right to file a new information and timely try him on the separate battery determined not to be covered by the original charge. The Supreme Court decision in Gragg does not disturb the time-tested rule of estoppel for which we cited that case.
Accordingly, the petition for rehearing is DENIED.
ERVIN, C.J., and BOOTH, J., concur.

. After the prosecutor argued that "there was no break in the chain” between the two batteries, counsel for Irby responded that "it was not one transaction ... Robert Irby committed a battery on the officer ... it stopped. Even as the state says, it was over ... Martin rushes up ... Wham ... That did not involve Robert Irby. He was not encouraging it. He was not acting in a way that brought on his battery. It was an independent action by Clinton Martin.”