453 So.2d 175 (1984)
Rafael Louis RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 83-158.
District Court of Appeal of Florida, Second District.
July 20, 1984.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Once again we are required to interpret "custody" for purposes of the speedy trial rule. Fla.R.Crim.P. 3.191(a)(4).
At approximately 11:00 p.m. on May 8, 1982, appellant was driving an automobile on Main Street in Thonotosassa. In turning south onto county road 579, he swung wide into the northbound lane causing Deputy Sheriff Turner to take evasive action to avoid a collision. Appellant continued south on the wrong side of the road with his lights out. The deputy turned around and began pursuit. About a mile down the road, appellant struck a Volkswagen, instantly killing two of its occupants. Appellant was issued criminal traffic citations for willful and wanton reckless driving and driving while his license was suspended.
On September 21, 1982, the state filed an information charging appellant with two counts of manslaughter by culpable negligence as a result of the May 8, 1982, accident. *176 On November 5, 1982, appellant moved to dismiss the information on speedy trial grounds. The court denied the motion. Thereafter, appellant pled nolo contendere, reserving the right to appeal the denial of certain pretrial motions including the motion to dismiss for failure to provide him with a speedy trial. Because we find it necessary to reverse his conviction upon this ground, we need not discuss the other points of his appeal.
The service of a citation to appear for a criminal traffic offense constitutes a taking into custody under rule 3.191(a)(4). See Singletary v. State, 322 So.2d 551 (Fla. 1975). Therefore, the question on appeal is whether upon receipt of the criminal traffic citations appellant was "arrested as a result of the conduct or criminal episode which gave rise to the crime" of manslaughter. If so, he must be discharged because when he filed his motion to dismiss he had not been brought to trial within 180 days of the date of the accident.
This case is controlled by our recent decision in Carter v. State, 432 So.2d 797 (Fla. 2d DCA), petition for review denied, 440 So.2d 353 (Fla. 1983), involving a head-on collision in which the driver of the oncoming vehicle was killed instantly. The defendant was charged with driving while his license was suspended or revoked. Several months later he was charged with causing a death by operation of a motor vehicle while intoxicated. This court held that for speedy trial purposes, the defendant was taken into custody for the crime charged at the time he was originally cited for driving while his license was suspended or revoked. Thus, we reasoned:
In the instant case, the criminal episode in question was the accident. At the conclusion of the events surrounding the accident, all elements of both criminal offenses which the appellant was accused of committing were present. The appellant's conduct, i.e., driving the automobile, was the sole conduct which resulted in both criminal charges placed against him. The conduct was not only related but was the same conduct.
432 So.2d at 798.
The state seeks to split appellant's conduct into two separate episodes. The state contends that the criminal traffic citations pertained to his driving at the time he turned onto county road 579, while the accident itself was a later, discrete event. This is an artificial distinction which cannot be sustained. In Carter, the defendant obviously drove his automobile prior to the head-on collision. Yet, we held that the accident resulted from the same conduct or criminal episode as driving while his license was suspended or revoked. Contrary to the state's suggestion, the Carter rationale does not force the police to make arrests upon less than adequate information. The police are at liberty to withhold charges until their investigation has been completed. However, better coordination between law enforcement and the prosecutor's office will be required to ensure that the case is brought to trial within the original speedy trial time.
The case before us is not one with separable episodes of criminal conduct. Walker v. State, 390 So.2d 411 (Fla. 4th DCA 1980) (manslaughter and leaving the scene of an accident). It is not a situation where probable cause to charge the second crime did not arise until after the arrest for the first. State v. Hoesley, 427 So.2d 1077 (Fla. 2d DCA 1983) (cocaine discovered during inventory search of defendant's car after his arrest and confinement for driving under the influence of alcohol). Significantly, in this case the accident victims were already dead when appellant was cited. All of the elements of manslaughter were present, and the police had ample probable cause to arrest him for that crime. Thus, the charge of manslaughter arose from the same conduct or criminal episode as that underlying the criminal traffic offenses. As a consequence, we have no alternative but to set aside appellant's conviction and direct that he be discharged.
REVERSED.
SCHEB and CAMPBELL, JJ., concur.