504 So.2d 481 (1987)
William BROWN, Brian Reynard, Donna Griffin and Rochelin Lormejuste, Petitioners,
v.
The Honorable Arthur P. PUMPIAN, Deputy Commissioner, and the Honorable Tom Carroll, Chief Commissioner for the State of Florida, Department of Labor & Employment Security, Division of Workers' Compensation and the Honorable Robert Martinez, Governor for the State of Florida, Respondents.
No. BR-64.
District Court of Appeal of Florida, First District.
March 19, 1987.
Janis Brustares Keyser of Reid & Ricca, P.A., West Palm Beach, for petitioners.
*482 Michael J. Rudicell, Tallahassee, for respondents.
PER CURIAM.
Petitioners in this cause are claimants in workers' compensation proceedings who filed claims for benefits and applications for hearing but whose hearings were not held within the 90 days prescribed by section 440.25(3)(a), Florida Statutes. They filed this petition for writ of mandamus, arguing that the statutory language in the applicable statute was mandatory. Additionally, they named Honorable Robert Martinez, Governor of Florida, as a respondent and sought to enforce the terms of section 440.45(1). We issued a show cause order and after careful consideration of the issues presented, we deny the petition.
Section 440.25(3)(a) (1985) provides in pertinent part:
If a request for a hearing is filed, the deputy commissioner shall hold a hearing within 90 days after it is filed and shall give the claimant and other interested parties at least 15 days' notice of such hearing, served upon the claimant and other interested parties by mail.
Petitioners contend that the word "shall" should be given a mandatory meaning in construing this provision, citing to cases such as Tascano v. State, 393 So.2d 540 (Fla. 1980). We disagree and find persuasive respondents' argument that "shall" should be given a directory construction in this context:
Mandatory language has in a number of cases been construed as directory, dependent upon the history and subject matter of the particular provision, and as a general rule statutes setting the time when a thing is to be done are regarded as merely directory, where no provision restraining the doing of it after that time is included and the act in question is not one upon which court jurisdiction depends.
Schneider v. Gustafson Industries, Inc., 139 So.2d 423, 425 (Fla. 1962) (footnotes omitted) (construing a rule of the Florida Industrial Commission that required filing of a transcript within 45 days of filing an application for review). We find additional support for application of the rule announced in Schneider to this case in Scottie-Craft Boat Corp. v. Smith, 336 So.2d 1150 (Fla. 1976) (construing section 440.25(3)(b) which states that a deputy commissioner "shall" determine a dispute within 30 days of hearing); see also Ewing v. Kaplan, 474 So.2d 302 (Fla. 3d DCA 1985), review denied, 486 So.2d 595 (Fla. 1986) and Allied Fidelity Insurance Co. v. State, 415 So. 109 (Fla. 3d DCA 1982) (both finding "shall" directory in provisions of bail bond statute).
We also agree that mandamus will not lie to compel the Governor to appoint more deputy commissioners. Our primary reason for so holding is that without legislative authorization for such positions, the Governor cannot make the appointments, see section 216.262(1)(a), Florida Statutes (1985). As there is no ministerial act which the Governor can perform to fulfill the requirement of the statute, the remedy of mandamus is inappropriate. Our conclusion is reinforced by the provisions of section 440.45(5), which gives the Governor authority to appoint temporary deputy commissioners where a need exists, but the subsection makes clear that the exercise of such authority is clearly discretionary for the state's chief executive.
Finally, the Chief Commissioner of the State of Florida is a named respondent, but the petition is unclear what ministerial act that Chief Commissioner Carroll could perform that would bring the relief sought by the petitioners. The Chief Commissioner does have authority to act as deputy commissioner but this authority is also discretionary, see section 440.45(3)(g), Florida Statutes.
The court is sympathetic to the need of the petitioners for expeditious proceedings. Indeed, one of the goals of the workers' compensation system is to provide employees with "a remedy that is both expeditious and independent of proof of fault." Florida Erection Services, Inc. v. McDonald, 395 So.2d 203, 209 (Fla. 1st DCA 1981) (emphasis ours). The response of the respondents states that the 1986 Legislature authorized two new deputy commissioner *483 positions and that appointments to fill the positions have been made, actions which will hopefully alleviate the delays such as those experienced by the petitioners.
Accordingly, there being no mandatory ministerial act to be performed by these respondents with regard to petitioners' request for hearings within 90 days of their applications, we must deny the petition for writ of mandamus.
BOOTH, C.J., and MILLS and THOMPSON, JJ., concur.