529 So.2d 1200 (1988)
STATE of Florida, Petitioner,
v.
Kevin B. HANCOCK, Respondent.
No. 88-404.
District Court of Appeal of Florida, Fifth District.
July 21, 1988.
Rehearing Denied August 19, 1988.
Robert Eagan, State Atty., and Linda Baldree, Asst. State Atty., Orlando, for petitioner.
William J. Shaeffer, Orlando, for respondent.

ON PETITION FOR WRIT OF CERTIORARI
DANIEL, Judge.
On November 14, 1986, respondent Hancock was charged by a uniform traffic citation with driving while his license was suspended. The officer issuing the citation to Hancock did not file the citation with the Orange County Court Clerk until seventeen days after it was issued, contrary to section 316.650(3), Florida Statutes (1987), which provides that the citation shall be filed with the clerk of the court within five days after issuance. After his arraignment, Hancock filed a motion to dismiss the charge, based on the officer's failure to timely comply with the filing requirement. The county court denied the motion to dismiss since it was filed after the arraignment and Florida Rule of Criminal Procedure Rule 3.190(c) provides that every ground for a motion to dismiss which is not raised by or at arraignment is waived, unless the objection is based on fundamental grounds. The circuit court reversed, holding that the five day requirement in section 316.650(3) was jurisdictional and fundamental and therefore the motion to dismiss was not untimely and should have been granted. The state seeks review by certiorari of the circuit court opinion.
Hancock claims that the filing requirement in this case is similar to that set forth in section 932.61(4), Florida Statutes (1987), which involves the transfer of actions from *1201 municipal courts to county courts for jury trial and provides that the clerk of the municipal court has three days from the receipt of a transfer order in which to transmit the court record to the clerk of the county court. Formal charges for incarcerated defendants must be filed within three days of the transfer and failure to file charges, by the terms of the statute, requires release. § 932.65, Fla. Stat. (1987). In interpreting this section, the Florida Supreme Court, in State v. Cook, 264 So.2d 417 (Fla. 1972), held that the time for taking each step in the transfer procedure is mandatory and jurisdictional, as the time for taking one step is, in each instance, dependent upon the time each previous step was taken, and, accordingly, the failure to transmit a record within three days required dismissal of the charges.
The filing provision for traffic citations, however, is distinguishable from section 932.65 because there is no provision in the traffic statute that the filing of the citation within five days of issuance is a jurisdictional prerequisite to the prosecution of the defendant, nor are there any further steps in the violator's prosecution which are dependent upon the filing of the citation. In fact, the statute provides that failure to timely file the citations is official misconduct subject to disciplinary proceedings, which indicates a legislative intent that a violation of the section is not to be considered jurisdictional. Furthermore, as noted by the state, any prejudice resulting from the delay in filing a traffic citation falls on the state's shoulders, since speedy trial commences when the citation is issued, regardless of when it is filed with the clerk. See Singletary v. State, 322 So.2d 551 (Fla. 1975); Rodriguez v. State, 453 So.2d 175 (Fla. 2d DCA 1984).
Not all procedural requirements are jurisdictional in the sense that they are indispensable to the acquisition of jurisdiction by the court. Instead, they may be procedural matters of statutory origin that are not essential to the constitutional requirement of due process, as we believe is true in this case. Since the provision requiring filing of the traffic citation within five days is not jurisdictional in nature and therefore the failure of the defendant to raise the issue prior to, or at arraignment, resulted in the waiver of any objection, the county court correctly denied Hancock's motion to dismiss, and the circuit court departed from the essential requirements of law in reversing the county court's order. Accordingly, the petition for writ of certiorari is granted and the circuit court opinion is hereby quashed.
WRIT ISSUED.
SHARP, C.J., and DAUKSCH, J., concur.