754 So.2d 174 (2000)
Carole E. FOTHERGILL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1712.
District Court of Appeal of Florida, Fifth District.
March 31, 2000.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Carole E. Fothergill was charged by information for failure to stop at an accident resulting in injuries, a third degree felony. The record indicates that the accident occurred on November 12, 1996. On November 18, 1996 a highway patrol trooper located her, and issued what is entitled "Florida Uniform Traffic Citation" which specified the date and nature of the alleged violations, but did not indicate any date, time or place to appear or otherwise indicate that a court appearance was required. Instead, in the space headed up by the words "court information," the trooper wrote "summons to be sent." Appellant was not arrested or otherwise taken into custody.
The information charging her with the felony was filed on March 13, 1998 following which appellant moved for discharge on speedy trial grounds, arguing that more than 175 days had elapsed between the issuance of the traffic citation without appellant being charged or brought to trial. After her motion for discharge was denied, appellant pled nolo contendere, reserving her right to appeal the dispositive motion for discharge. Finding no error, we affirm.
Florida Rule of Criminal Procedure 3.191(a) starts the running of "speedy trial"...when the person is taken into custody as defined under subdivision(d). Subdivision (d) states:
"For purposes of this rule, a person is taken into custody (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) where the person is served with a notice to appear in lieu of physical arrest."
Appellant relies on cases such as Genden v. Fuller, 648 So.2d 1183 (Fla.1994) and Rodriguez v. State, 453 So.2d 175 (Fla. 2nd DCA 1984) for the proposition that *175 speedy trial commenced to run when she was issued the citation, rather than when the information was filed. In Genden, Fuller had been arrested on a charge of grand theft. After the arrest but before an information was filed, the state voluntarily terminated the prosecution by announcing that it would take no action. Some seven months later it filed an information based on the same event for which Fuller had originally been arrested. In affirming his discharge, the supreme court held that speedy trial time began to run when Fuller was first taken into custody, rather than when charges were filed against him.
In Rodriguez, appellant was issued a criminal traffic citation and notice to appear for willful and wanton reckless driving and driving while license suspended, both misdemeanors. Later, the state filed an information charging appellant with two counts of manslaughter by culpable negligence as a result of the same incident which gave rise to the traffic citations. In holding that Rodriguez was entitled to discharge because he was not brought to trial within 180 days after issuance of the traffic citation. The court held that "(T)he service of a citation to appear for a criminal traffic offense constitutes a taking into custody" under Rule 3.191(a).
Here, appellant was not arrested nor was she issued a notice to appear. All the traffic citation indicated was that "summons to be sent." There was no requirement that appellant respond in any way. Thus, for the purposes of Rule 3.191 she was not taken into custody, so speedy trial time had not expired when she filed her motion for discharge.
AFFIRMED.
COBB and HARRIS, JJ., concur.