871 So.2d 935 (2004)
STATE of Florida, Petitioner,
v.
Daniel COUGHLIN, Respondent.
No. 5D03-3003.
District Court of Appeal of Florida, Fifth District.
March 26, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Petitioner.
Stuart I. Hyman of Stuart I. Hyman, P. A., Orlando, for Respondent.
ORFINGER, J.
The State of Florida seeks certiorari review of a decision of the circuit court acting in its appellate capacity, affirming an order of the county court dismissing the DUI prosecution of Daniel Coughlin on speedy trial grounds. Because we find that the circuit court failed to apply the correct law, we grant certiorari and quash the circuit court's order.
Daniel Coughlin was involved in a traffic crash investigated by the Lake Mary Police Department. Because the investigating officer suspected that Coughlin was driving while impaired, he informed Coughlin that a criminal investigation was being conducted and advised him of his Miranda[1] rights. While performing a field sobriety test, Coughlin fell backwards, hitting his head on the ground. As a result, emergency medical personnel were called to the scene. Before departing with the medical personnel, Coughlin provided the police with a blood sample. The sample subsequently revealed a blood alcohol level of .271.
About a month after the crash, the investigating officer issued and mailed Coughlin what was entitled "Florida Uniform Traffic Citation," and which specified the date and nature of the alleged violation, but did not indicate any date, time or place to appear. Rather, the citation indicated that Coughlin would be notified when he was required to appear in court.
Coughlin's counsel subsequently filed a motion for discharge on speedy trial grounds, contending that for speedy trial purposes, he was taken into custody when the summons was issued. The county court's order simply stated that the motion for discharge was granted. The circuit *936 court affirmed, citing Rodriguez v. State, 453 So.2d 175 (Fla. 2d DCA 1984), and State v. Hancock, 529 So.2d 1200 (Fla. 5th DCA 1988).
We conclude that this case is controlled by this court's decision in Fothergill v. State, 754 So.2d 174 (Fla. 5th DCA 2000), wherein we said:
Florida Rule of Criminal Procedure 3.191(a) starts the running of "speedy trial" ... when the person is taken into custody as defined under subdivision (d). Subdivision (d) states:
"For purposes of this rule, a person is taken into custody (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) where the person is served with a notice to appear in lieu of physical arrest."
Appellant relies on cases such as Genden v. Fuller, 648 So.2d 1183 (Fla.1994) and Rodriguez v. State, 453 So.2d 175 (Fla. 2nd DCA 1984)[sic] for the proposition that speedy trial commenced to run when she was issued the citation, rather than when the information was filed. In Genden, Fuller had been arrested on a charge of grand theft. After the arrest but before an information was filed, the state voluntarily terminated the prosecution by announcing that it would take no action. Some seven months later it file an information based on the same event for which Fuller had originally been arrested. In affirming his discharge, the supreme court held that speedy trial time began to run when Fuller was first taken into custody, rather than when charges were filed against him.
In Rodriguez, appellant was issued a criminal traffic citation and notice to appear for willful and wanton reckless driving and driving while license suspended, both misdemeanors. Later, the state filed an information charging appellant with two counts of manslaughter by culpable negligence as a result of the same incident which gave rise to the traffic citations. In holding that Rodriguez was entitled to discharge because he was not brought to trial within 180 days after issuance of the traffic citation [sic]. The court held that "(T)he service of a citation to appear for a criminal traffic offense constitutes a taking into custody" under Rule 3.191(a).
Id., 754 So.2d at 174-75.
Here, as in Fothergill, Couglin was not arrested nor was he issued a notice to appear. All the traffic citation indicated was "to be notified." There was no requirement that Couglin respond in any way. Thus, for the purposes of Rule 3.191, he was not taken into custody, so the speedy trial time had not expired when he filed his motion for discharge.
Because we find this matter controlled by Fothergill, we grant certiorari and quash the circuit court's order.
CERTIORARI GRANTED, ORDER QUASHED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).