ON MOTION FOR WRITTEN OPINION
TORPY, J.
We grant Petitioner’s Motion for Written Opinion. In this DUI case, Petitioner seeks certiorari review of a decision of the circuit court, acting in its appellate capacity, that reversed the county court order discharging Petitioner on speedy trial grounds. Because the circuit court did not *1155 depart from the essential requirements of the law, we deny the petition for certiorari review.
Petitioner was issued a Florida Uniform DUI Traffic Citation by officers of the City of Altamonte Springs. The citation indicated that she was accused of DUI, that a court appearance was required, but that the date and time of her court appearance was “TBA,” meaning “to be announced.” Petitioner was not arrested. Prior to the filing of an information and issuance of a summons to appear, Petitioner’s counsel filed a written appearance. Thereafter, counsel filed a motion for discharge on speedy trial grounds, contending that the speedy trial period commenced to run when the citation was issued. The county court granted Petitioner’s motion, but the circuit court reversed, finding that this case was controlled by our decision in State v. Coughlin, 871 So.2d 935 (Fla. 5th DCA 2004).
In Coughlin, we held that the issuance of a Florida Uniform DUI Traffic Citation, which indicated that the defendant was “to be notified” when and where to appear, absent an arrest, did not commence the running of the statutory speedy trial period. We based our holding on the fact that the citation did not require that “[Cough-lin] respond in any way.” Id. at 936. Thus, we concluded, the citation did not constitute a “notice to appear in lieu of physical arrest” triggering the running of the speedy trial period under Florida Rule of Criminal Procedure 3.191(a) and (d).
As the circuit court correctly determined, Coughlin is indistinguishable, and the lower court was bound to follow its holding here. Pardo v. State, 596 So.2d 665, 666-67 (Fla.1992). Thus, it cannot be said that the circuit court departed from the essential requirements of the law entitling Petitioner to certiorari relief. Ordinarily our analysis would end here, except that Petitioner advances a contention not argued or addressed in Coughlin — the effect of Florida Rule of Traffic Court 6.160, which provides as follows:
Except as provided, the Florida Rules of Criminal Procedure shall govern this part. A defendant shall be considered “taken into custody” for the purpose of rule 3.191 when the defendant is arrested, or when a traffic citation, notice to appear, summons, information, or indictment is served on the defendant in lieu of arrest.
(Emphasis added). Citing this rule, which applies to criminal traffic cases such as the instant case, Petitioner argues that she was “taken into custody” when the “traffic citation” was served upon her. Thus, Petitioner concludes that Coughlin was wrongly decided because Coughlin relied upon the wrong rule in reaching its holding. We disagree because we think the material portions of both rules (traffic rule 6.160 and criminal rule 3.191) are in substance the same.
The key aspect of both rules is that the paper, whether it is called a citation, notice to appear, or otherwise, only triggers the running of the speedy trial period when it is served “in lieu of arrest.” This determination turns not on what the document is called, but on whether it requires a defendant to respond to the criminal charge. When a defendant is not required to “respond in any way,” the document is not utilized as a substitute for arrest, and is, therefore, not served “in lieu of arrest.” Id. at 936; see also Fothergill v. State, 754 So.2d 174, 175 (Fla. 5th DCA 2000) (stating that traffic citation did not trigger speedy trial because defendant was not “required to respond in any way”). Here, although Petitioner responded to the citation by hiring counsel, her response, although perhaps prudent, was not required by the citation for the purpose of responding to the criminal charge. Thus, because *1156 Petitioner was not served “in lieu of arrest,” Petitioner was not “taken into custody” under Florida Rule of Traffic Court 6.160.
Petitioner’s improper Motion for Rehearing is denied. See Amador v. Walker, 862 So.2d 729 (Fla. 5th DCA 2003).
PETITION DENIED.
GRIFFIN and PLEUS, JJ., concur.