946 So.2d 1163 (2006)
Takara WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0111.
District Court of Appeal of Florida, First District.
December 21, 2006.
*1164 Nancy A. Daniels, Public Defender; and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
Takara Williams asserts that the trial court erred as a matter of law and violated her right to a speedy trial by denying her motion to discharge and amended motion to discharge. We have de novo review over a pure question of law. See State v. Glatzmayer, 789 So.2d 297, 302 n. 7 (Fla. 2001). Agreeing that Ms. Williams' right to a speedy trial was violated, we reverse the judgment/sentence and remand with directions to the trial court to discharge Williams.
According to a March 18, 2003, Florida Uniform Traffic Citation, Williams was cited for "Reckless Driving; Willful and Wanton." The form cited section 316.192, Florida Statutes, and included a checkmark in the box indicating the following: "Criminal Violation. Court Appearance Required. As Indicated Below." Below that notation is mentioned the Gadsden County Courthouse in Quincy "upon notification." The bottom of the ticket states: "Arrest Delivered to ROR." Sergeant B. Ingram signed the citation. Two March 26, 2003, Notices to Appear ordered Williams to appear for arraignment on April 8, 2003, at 9:30 a.m. at the courthouse in Quincy. The notices listed the charges as "WILLFUL WANTON RECKLESS DRIVING" and "DRIV VH W/ UNSAFE EQUIP." On April 8, 2003, Williams pled no contest, and the trial court withheld adjudication and placed her on four months' probation.
On April 22, 2003, a bench warrant was issued for Williams' arrest. However, she was not arrested until March 21, 2005. By information filed on May 24, 2005, the State charged Williams with aggravated assault with a deadly weapon (automobile) upon her boyfriend. This charge arose from the same incident on March 18, 2003, that had led to the reckless driving citation. After the denial of her motions to discharge in 2005, Williams entered a plea agreement whereunder she pled no contest to the charged offense in exchange for three years' probation. Williams expressly reserved the right to appeal the denial of her motions to discharge, which the trial court found dispositive.
According to the speedy-trial rule, "[t]he time periods established by this subdivision shall commence when the person is taken into custody as defined under subdivision (d)." Fla. R.Crim. P. 3.191(a). Another subdivision of this rule states:
(d) Custody. For purposes of this rule, a person is taken into custody.
(1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or
(2) when the person is served with a notice to appear in lieu of physical arrest.
In the amended motion to discharge, Williams argued that the notice for her to appear constituted "custody" for purposes of the speedy trial rule. On appeal, the State concedes that if Williams was, indeed, "taken into custody" on the reckless driving charge in March 2003, then she is entitled to a discharge from the instant *1165 charge of aggravated assault with a deadly weapon because that charge arose from the same criminal conduct or episode as the March 18, 2003, incident, and because the information was filed after the time limit for a felony, which expired in September 2003, i.e., 175 days after Williams was taken into custody. See Fla. R.Crim. P. 3.191(a). The State acknowledges it is not entitled to the "recapture period" in Rule 3.191(p) when it files the information after the expiration of the applicable time limit. See State v. Williams, 791 So.2d 1088 (Fla. 2001). The State concedes that because Williams was served a notice to appear on March 26, 2003, for a criminal traffic offense, she was "taken into custody" on that date for purposes of Rule 3.191(d)(2). See Rodriguez v. State, 453 So.2d 175, 176 (Fla. 2d DCA 1984). Pursuant to Reed v. State, 649 So.2d 227, 229 (Fla. 1995), Williams was taken into custody for all crimes arising out of the same criminal conduct or episode, including the charge of aggravated assault with a deadly weapon. The speedy trial rule barred the State from prosecuting Williams for that offense. See Rodriguez, 453 So.2d at 176. Thus, the trial court erred in denying the amended motion for discharge. The State correctly notes on appeal that the decisions in Fothergill v. State, 754 So.2d 174 (Fla. 5th DCA 2000), and State v. Coughlin, 871 So.2d 935 (Fla. 5th DCA 2004), on which it relied in the trial court, are materially distinguishable in that neither defendant in those two cases was issued a notice to appear.
We are constrained to REVERSE the judgment/sentence and REMAND with directions to the trial court to discharge Williams.
KAHN and DAVIS, JJ., concur.